JOHN W. DUNHAM

*v.*

WILLIAM M. CRAMER et al.

[Filed April 11th, 1902.]

1. A chattel mortgage which includes household goods will not be declared to be void under the act of March 17th, 1893 (*Gen. Stat. p. 2111 § 41*), solely because the wife of the mortgagor did not sign it. To raise this point, all the elements of avoidance named in that statute must affirmatively appear. It must be shown that the mortgage was not given to secure the payment of the purchase-money of the goods mortgaged, and that the household goods included in the mortgage were in the use and possession of a family in this state.

2. The affidavit of consideration annexed to a chattel mortgage must, on its face, or by reference to the annexed mortgage, show how the relation of creditor and debtor arose between the mortgagee and the mortgagor.

3. A chattel mortgage, in order to be valid under the terms of the Chattel Mortgage act, must be recorded as soon after its delivery as may be by reasonable dispatch under the circumstances of the case.

4. A chattel mortgage which does not comply with the provisions of the Chattel Mortgage act is void as against the creditors of the mortgagor, irrespective of the existence of bad faith or intention to defraud in the taking of the mortgage.

5. The statutory requirements not only extend and apply to every instrument which is in terms a mortgage, but also to every conveyance, however expressed, which is intended to operate as a mortgage.

On bill, answer, replication and stipulation as to facts.

Dunham v. Cramer.

The complainant, John W. Dunham, recovered and entered a judgment against the defendant William M. Cramer, which he caused to be docketed in the court of common pleas of Cape May county, and afterwards in the supreme court of this state, on the 16th day of May, 1900, for the sum of debt and costs, amounting to $131.68. He caused execution thereon to be issued to the county of Cape May on March 25th, 1901, upon which certain household goods, hotel goods, furniture, stock, fixtures and cigars were levied upon by the sheriff of Cape May county, and the execution returned.

The complainant thereupon filed the bill of complaint in this cause, charging that the defendant William M. Cramer, on July 8th, 1898, after the debt on which his judgment is founded had accrued and had become due and payable, in order to secure his property for his own use, and to protect it from the claim of the complainant, and to hinder the complainant from collecting his debt, fraudulently made a paper purporting to be a chattel mortgage to his brother, Lewis W. Cramer, expressed to be upon the consideration of $1, and a further consideration that the mortgagor, William M. Cramer, should pay the mortgagee, Lewis W. Cramer, a certain promissory note for $800, dated July 8th, 1898, which pretended chattel mortgage the bill of complaint charges is claimed to be a lien upon the same goods and chattels which he has so as aforesaid levied upon under his said judgment and execution, and that this claim has so prevented complainant that he has been unable to realize anything on his said execution and levy.

The complainant charges that the said pretended chattel mortgage was not given to secure any good, valid or subsisting debt owing by said William M. Cramer to said Lewis W. Cramer, and that, at the time of its execution, the said William M. Cramer was a married man, and that his wife did not join in its execution, as under the statute in such case made and provided she should have done; that the alleged chattel mortgage was not accompanied by a delivery or change of possession of the goods mortgaged; that it has not annexed to it, nor is it accompanied by, any affidavit made by the holder thereof, his agent or attorney, stating the consideration of the said mortgage, or the

amount due or to grow due thereon, and that said defendant's chattel mortgage was not recorded in the manner required by law. The complainant further charges that the said chattel mortgage is, as to him, the said complainant (a creditor of said William M. Cramer, the alleged chattel mortgagor), fraudulent, void and of no effect.

The complainant prays that defendants William M. Cramer and Lewis W. Cramer, or one of them, may be decreed to pay the amount due on his judgment and execution; that the alleged chattel mortgage may be declared to be null and void, and that the goods and chattels named therein may be sold, discharged of the same, under the complainant's said writ of execution, and may be applied in satisfaction of complainant's debt.

The original bill of complaint makes defendants William M. Cramer, the chattel mortgagor, and Lewis W. Cramer, the chattel mortgagee.

Shortly after the filing of the original bill of complaint, and before answer filed, the complainant filed a supplemental bill, reciting that, on the 28th day of March, 1901, the defendant William M. Cramer was the owner of a building, located on posts, in the town of Woodbine, in Cape May county, and valued at $200, and also of a stock of spirituous and malt liquors contained therein and valued at $400; that on the 1st day of May, 1901, the complainant issued a writ of *fieri facias* on his said judgment to the sheriff of the county of Cape May, directing him to levy upon the goods, &c., of the said William M. Cramer in his county, under which the sheriff did so levy upon the said frame building and stock of liquors, and returned his said writ of execution. The complainant alleges that he has been unable to realize anything by sale under this additional levy, because the defendant William M. Cramer had executed a paper, purporting to be a bill of sale, conveying the frame building aforesaid to his brother, Lewis W. Cramer, and by a certain paper-writing, purporting to be a bill of sale, conveyed the stock of liquors aforesaid to some persons purporting to be W. C. McDonnell & Company.

These bills of sale the complainant charges to be, as against him, fraudulent and void, and to have been made with the purpose and intent to protect the maker thereof, the defendant Wil-

liam M. Cramer, in the enjoyment of his property, and to hinder the complainant from the collection of his debt. He further charges that the bills of sale were not accompanied by any delivery or change of possession, and that they are fraudulent and void as against the complainant's judgment debt. The complainant prays that he may have the same relief against the said Lewis W. Cramer and W. C. McDonnell & Company as if the matters recited in the supplemental bill had been aptly alleged and set forth in his said original bill.

The defendants William M. Cramer and Lewis W. Cramer join in their defence. Their joint answer admits the entry and docketing of the complainant's judgment. It alleges that the defendant William M. Cramer was indebted to the defendant Lewis W. Cramer in the sum of $800, and gave to him a promissory note therefor, and that to secure the payment of said note the defendant William Cramer made and executed a mortgage on goods and chattels to the defendant Lewis W. Cramer. They deny that the chattel mortgage in question was given to hinder or defraud the complainant in the collection of his debt, and insist that the note and chattel mortgage are *bona fide,* and that the sum of $800 is still due and unpaid thereon.

The defendants admit that the defendant William M. Cramer is a married man, and that his wife did not sign the chattel mortgage. They admit that any interest she might have in the goods mortgaged did not pass, but they insist that the title of William M. Cramer in the said goods did pass. They admit that the possession of the goods since the making of the chattel mortgage has remained in the chattel mortgagor. They deny that the chattel mortgage does not have any affidavit, made by the holder thereof, stating the consideration. On the contrary, they charge that said chattel mortgage was properly executed, together with an affidavit of consideration of the amount due and to grow due thereon, and that it was recorded in the clerk's office of Cape May county, in Book No. 7 of Chattel Mortgages, folio 318.

A decree *pro confesso* has been taken against the defendant McDonnell. The cause has come to a hearing on the issues joined between the other parties. Their solicitors have made and filed the following stipulation as to the facts:

Dunham *v.* Cramer.

"It is agreed by and between I. O. Acton, of counsel with the complainant, and J. E. P. Abbott, of counsel with the defendants William M. Cramer and Lewis W. Cramer, that the above-entitled cause is to be submitted on briefs, on the following agreed state of facts:

"(1) That the question of the good faith of the transactions between William Cramer and Lewis W. Cramer, and the good faith of the transactions between William Cramer and W. C. McDonnell & Co., referred to in the bill of complaint and the amendment thereto, be passed.

"(2) That the judgment recovered May 7th, 1900, and afterwards docketed in the New Jersey supreme court by *John W. Dunham* v. *William Cramer*, referred to in the bill of complaint, was founded upon a book account for goods, wares and merchandise sold and delivered by John W. Dunham to William Cramer, between September 4th, 1896, and March 18th, 1898, and is still unpaid, due and owing by William Cramer to said John W. Dunham.

"(3) That William Cramer has had possession of the goods. chattels and property mentioned in and covered by the chattel mortgage and the bills of sale mentioned and set out in the bill of complaint, and the amendment thereto, from the respective dates thereof up to the present time.

"(4) That the bills of sale referred to in the amended bill of complaint were given for the purpose of security and were in the nature of mortgages.

"(5) That in the absence of originals, certified copies of all papers referred to in the pleadings can be used as evidence, and are to be submitted to the court.

"(6) In the taxation of costs, witness fees shall be allowed the same as if the trial were had.

> "I. O. Acton,
>  "*Of Counsel with Complainant.*
> "J. E. P. Abbott,
>  "*Of Counsel with Defendant.*"

The cause was thereupon argued upon briefs submitted.

*Mr. Isaac O. Acton,* for the complainant.

*Mr. Charles T. Abbott* and *Mr. Joseph E. P. Abbott,* for the defendants William M. and Lewis W. Cramer.

Grey, V. C.

The defendant's chattel mortgage is first challenged because the act of March 7th, 1893 (*Gen. Stat. p. 2111 § 41*), declares that every mortgage upon household goods in the use and possession of any family in this state, not given to secure the purchase-money for such goods, shall be void unless signed, sealed, executed and acknowledged by the husband and wife of the family, &c., and the complainant contends that the fact that the mort-

---

Dunham *v.* Cramer.

---

gagor's wife has not signed the chattel mortgage makes it void under that statute.

The terms of the act require more than this to make a chattel mortgage void. It must appear that the household goods included in the mortgage were in the use and possession of a family in this state.

All that here appears is that the mortgagor had them in his possession in his hotel. He may have had no family in this state, or if he had, they may not have had these household goods in use. He may have them in the hotel, they may live elsewhere. There is no proof that it is not a purchase-money mortgage. All these must affirmatively appear in order to even claim the enforcement of a penal statute. It is doubtful whether, if such proof were exhibited, such a chattel mortgage would in equity be held to be void any further than to prevent its being considered a lien on the household goods. *Green* v. *McCrane, 10 Dick. Ch. Rep. 440.* For failure of proof the mortgage cannot be declared void to any extent on the first ground.

The complainant also disputes the validity of the chattel mortgage because, he insists, that the affidavit of consideration does not comply with the requirements of the Chattel Mortgage act.

The statute requires that there shall be annexed to the chattel mortgage the affidavit of the holder, stating the consideration of the mortgage and, as nearly as possible, the amount due and to grow due thereon. The affidavit in this case is made by the mortgagee, and states

"that the true consideration of said mortgage is as follows, viz.: For the payment of a certain promissory note dated July 8th, 1898, for the sum of eight hundred dollars, this chattel mortgage given as collateral security for the payment of the above note, and there is due on said mortgage the sum of eight hundred dollars, besides lawful interest from the eighth day of July, 1898."

In the case of *Fletcher* v. *Bonnet, 6 Dick. Ch. Rep. 615,* the court of appeals declared that, in construing affidavits of consideration annexed to chattel mortgages, if the affidavit refers to the annexed chattel mortgage, the affidavit and the mortgage must be read together, to ascertain whether there is a sufficient compliance with the terms of the statute. An examination of the chattel mortgage to which this affidavit is annexed affords no

Dunham *v.* Cramer.

aid to the deficiencies of the affidavit, for the chattel mortgage recitals make less disclosure of the transaction than does the affidavit itself. Nothing in this affidavit shows whose promissory note is secured by the chattel mortgage in question, nor who is the holder of that promissory note, nor for what consideration, whether a loan of money, or a sale of goods, or how otherwise the promissory note or chattel mortgage came to be given, nor how the debt was created to secure which the chattel mortgage was made. An affidavit so markedly deficient in the statement of the transaction out of which the mortgage arose affords no opportunity to inquiring creditors of the mortgagor to ascertain whether the chattel mortgage is given for a valuable consideration, which would be binding upon them, or for a merely voluntary one, which would not be obligatory upon them. It was settled in the case of *Graham Button Co.* v. *Spielmann, 5 Dick. Ch. Rep. 122, 123,* that the affidavit of consideration annexed to a chattel mortgage must substantially show how the relation of creditor and debtor between the mortgagor and the mortgagee was created. This case was carried to the court of appeals (*sub nom. Spielmann* v. *Knowles, 5 Dick. Ch. Rep. 796*), and was there unanimously affirmed for the reasons given in this court. The interpretation there given of the statutory requirement that the affidavit of the holder shall state the consideration of the mortgage condemns the affidavit now under consideration as insufficient.

This chattel mortgage of the defendant is also challenged because it was not recorded for over four weeks after it had been made and delivered. The mortgage is dated the 8th day of July, 1898. The affidavit of consideration and the acknowledgment bear the same date. The certificate of the clerk of Cape May shows that it was recorded on the 10th day of August, 1898. Nothing in the case in any way explains this delay in the recording of the mortgage. Its effect was to enable the mortgagor to appear to his creditors and those dealing with him to own the chattels mortgaged, without lien upon them. This might readily operate as a fraud upon creditors, but irrespective of this possibility, or of the actual fact as to this incident, the statute has been interpreted to declare a mortgage so reserved from the record for that cause void. There must be, under the terms of the act, an immediate taking of possession of the chattels mort-

Dunham *v.* Cramer.

gaged, or there must be an immediate recording of the mortgage. Either course, when taken, is a warning to creditors who may thereafter deal with the mortgagor. If neither be observed, the chattel mortgage is void as to creditors. *Roe* v. *Meding, 8 Dick. Ch. Rep. 368.* When a chattel mortgage is kept off the record for more than four weeks after it is made and delivered, and nothing appears which explains so long a delay, it cannot be said that its recording is immediate.

The stipulation of the parties provides that the question of good faith of the transactions attacked by the bill and amendment shall be passed. This agreement does not waive the non-compliance with the terms of the statute regarding chattel mortgages. If the provisions of that act are not observed, the chattel mortgage is, for that reason, void as against creditors, irrespective of bad faith or of any intention to defraud. *Graham Button Co.* v. *Spielmann, 5 Dick. Ch. Rep. 128; affirmed on appeal, Id. 796.*

The complainant also attacks the validity of the bills of sale, because they appear to be, in legal effect, chattel mortgages, and do not comply with the requirement of the Chattel Mortgage act.

The stipulation admits that these bills of sale were given by way of security, and that they were in the nature of mortgages.

Certified copies of them are produced. They are, apparently, bills of absolute sale of the bottling-house to the defendant Lewis W. Cramer and of the stock of liquor therein to the defendant trading as William C. McDonnell & Company. They are each acknowledged by the defendant William M. Cramer, and have both been recorded. Neither has annexed any affidavit of consideration by the holder. They are admitted to be chattel mortgages, and, by the express terms of the Chattel Mortgage act, are void as against the creditors of the maker, because neither has annexed to it the affidavit of the holder stating the consideration of the mortgage. The statutory requirements extend, not only to every instrument which is in terms a mortgage, but also to every "conveyance intended to operate as a mortgage," &c. *Chattel Mortgage act, Gen. Stat. p. 2113 § 52.*

I will advise a decree that the chattel mortgage and the two bills of sale mentioned in the pleadings are void as against the complainant's judgment, execution and levy. The complainant is entitled to costs.