8 *Buch.* Collerd *v.* Tully.

---

AMELIA E. COLLERD, appellant,

*v.*

JOHN J. TULLY et al., respondents.

[Submitted March Term, 1911. Decided June 19th, 1911.]

1. Upon a conditional sale where the goods are delivered to the buyer and the title is retained by the seller as security for unpaid purchase-money, the risk of loss is the seller's.

2. A precedent debt is a good consideration for a chattel mortgage.

3. The affidavit required to be annexed to a chattel mortgage must set forth the consideration completely, and if it fails so to do the chattel mortgage is absolutely void as against creditors.

---

On appeal from a decree of the court of chancery advised by Vice-Chancellor Garrison, whose opinion is reported in 77 *N. J. Eq.* (7 *Buch.*) *439.*

*Mr. James A. Gordon,* for the appellant.

*Mr. James E. Pyle,* for the respondents.

The opinion of the court was delivered by

SWAYZE, J.

We agree with the result reached by the vice-chancellor, and with the essential portion of his reasons. His opinion, however, contains some inadvertent expressions which call for remark. He says, in discussing the question whether the horses sold by Brown to Tully were upon a conditional sale: "Some of the horses died after they were delivered to Tully, but this fact was ignored by Brown in his account. He did not, by reason thereof, lessen his claim against Tully as he undoubtedly would have and must have done if the sales were conditional and the horses were his and not Tully's."

This passage indicates that in the case of a conditional sale, where the goods are delivered to the buyer and the title is retained by the seller as security for unpaid purchase-money, the risk of loss is the seller's. The weight of authority is to the contrary. *Willis. S.* § *304; American Soda Fountain Co.* v. *Vaughan, 69 N. J. Law (40 Vr.) 582,* cited with approval by this court in *American Soda Fountain Co.* v. *Stoltzenbach, 75 N. J. Law (46 Vr.) 721* (at *p. 724*). The rule has been embodied in section 22 (*a*) of the Sales act of 1907. *P. L. 1907 p. 321.*

The vice-chancellor also says: "The mere fact that she held the judgment would not be a consideration for the mortgage, unless she agreed that upon receiving the mortgage she would be bound in some way with respect to the judgment. Otherwise it would be a *nudum pactum.* It is argued that the mortgage was given as collateral security for the payment of the judgment, but even so, there must be a consideration for the mortgage, and unless the mortgagee was disadvantaged or the mortgagor was advantaged by reason of the giving of the chattel mortgage there was no consideration. There is no proof of disadvantage to the mortgagee, or of advantage to the mortgagor as a consideration of the mortgage, and no proof of any agreement of any kind by the mortgagee respecting the judgment." This passage from the opinion assumes that in order to make a chattel mortgage good, there must be a then present consideration when it is given. It has, however, been held by this court that a precedent debt is a

good consideration for a chattel mortgage. *Muchmore* v. *Budd,*
*53 N. J. Law (24 Vr.) 369* (at *p. 397*). Justice Reed said: "In
regard to the objection that there was no consideration for the
assignment, little need be said. The point could only have sub-
stance when the transfer was regarded as an absolute bill of sale.
Viewing it either as a mortgage or a trust, all question in respect
to the consideration disappears, as the debts intended to be secured
were admittedly existing." In the later case of *Knowles Loom
Works* v. *Vacher,* *57 N. J. Law (28 Vr.) 490,* affirmed on Justice
Van Syckel's opinion, *59 N. J. Law (30 Vr.) 586,* we not only
held that a chattel mortgage given for a pre-existing debt was
valid, but also that it was entitled to priority over an antecedent
conditional sale not recorded. A distinction is to be made between
the validity of a chattel mortgage given for a precedent debt,
which is not questioned in our cases, and its right to priority
which might in some cases depend on whether it was required to
be for a valuable consideration, as that term is used in some of our
registry acts. It is not disputed that one who acquires a mortgage
as security for an antecedent debt is not a holder for value. *Em-
pire State Trust Co.* v. *Trustees of William F. Fisher & Co., 67
N. J. Eq. (1 Robb.) 602.* The complainant in this case does not
seek to supplant the judgment creditor; her liens are prior in
time and she does not need to show that she is a holder for value.
All that is necessary is to show a consideration for the chattel
mortgage and the antecedent debt suffices for that purpose. No
new consideration is necessary to sustain the validity of these
chattel mortgages. It is enough that the parties intended to se-
cure an already existing debt, and it is unnecessary to resort to
the theory that there was an implied extension of time for pay-
ment as the vice-chancellor held in the case of *Perkins* v. *Trinity
Realty Co., 69 N. J. Eq. (3 Robb.) 723; affirmed, 71 N. J. Eq.
(1 Buch.) 304.*

It is suggested by the appellant that if the second chattel mort-
gage is void as to Brown because it fails to state the consideration
of the indebtedness which Abraham Collerd assigned to the ap-
pellant, it is valid to the extent that it secures the judgment re-
covered by Winant against Tully and assigned to the appellant.
There are two difficulties with this argument. Section 4 of the

Chattel Mortgage act (*P. L. 1902 p. 487*) makes the chattel mortgage absolutely void as against creditors unless the affidavit is annexed, and the statute makes it obligatory that it should set forth the consideration of the mortgage, not partially, but completely. The affidavit is, however, defective in stating the consideration even so far only as it secures the judgment. We do not agree with the vice-chancellor that it is sufficient to say that the consideration is a balance of $700 due upon a judgment recovered by Effie C. Winant against John J. Kelly and assigned to appellant. The affidavit ought to show either the origin of the debt upon which the judgment was based or the amount, if anything, paid by the mortgagee for the assignment of the judgment. It is in this respect that the present case differs from *Simpson* v. *Anderson, 75 N. J. Eq. (5 Buch.) 581.* Mr. Justice Bergen was careful to say in that case: "If it did not appear that the appellant had paid something for the assignment, a different question would arise."

The decree appealed from is affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, CONGDON, SULLIVAN—12.

*For reversal*—None.