WILKINSON, GADDIS & COMPANY, PLAINTIFF-APPELLANT, v. HENNING BOHLEN, DEFENDANT-RESPONDENT.

Submitted December 6, 1915—Decided March 6, 1916.

A chattel mortgage was executed, good as between the parties thereto, but void as to existing creditors; the mortgage was foreclosed and the goods purchased at the sale by the mortgagee. Subsequently a creditor of the mortgagor, whose debt was existent at the time of the execution of the chattel mortgage, reduced its debt to judgment, levied upon the same goods covered by the mortgage, and at an execution sale purchased them. *Held*, that the chattel mortgage sale did not vest a valid title to the goods as against the purchaser under the execution, and that the latter could maintain an action of replevin therefor.

On appeal from the Supreme Court.

For the appellant, *Coult & Smith.*

For the respondent, *Frederick Jay.*

The opinion of the court was delivered by

KALISCH, J. The fundamental question to be decided on this appeal is whether a sale of goods under a foreclosure of a chattel mortgage which was void as to existing creditors but valid as between the mortgagor and mortgagee vested in the vendee, the mortgagee in this case, a valid title to such goods purchased by him to the extent to debar a judgment creditor, whose debt was existing at the time the mortgage was executed and foreclosed, but whose judgment was not obtained until after the sale was had, from maintaining an action of replevin for them against such vendee, where it appeared that by virtue of an execution issued upon the judgment the same goods were levied upon and sold to such judgment creditor.

The facts which present this inquiry are briefly these: On the 11th day of November, 1913, the appellant, plaintiff below, was a creditor of one George Bohlen, to the amount of $392.70. On the 13th day of November, 1913, George Bohlen executed a chattel mortgage on his stock in trade, which consisted of groceries, fixtures, horse and wagon, &c., to the respondent, Henning Bohlen, the defendant below, to secure the sum of $1,000. On the 18th day of November, 1913, the respondent proceeded to foreclose the chattel mortgage, and on the 24th day of November, 1913, the mortgaged goods and chattels were sold under such foreclosure, the respondent being the purchaser. On the 25th day of November, 1913, the appellant reduced its debt to a judgment, caused execution to be issued thereon and a levy made upon the goods and chattels previously sold under the foreclosure sale to the respondent and then in his possession, and by virtue of such execution the same goods and chattels were sold at public vendue, the appellant becoming the purchaser. The appellant thereupon demanded possession of the goods and chattels of

the respondent, who refused to surrender them to the appellant, whereupon appellant caused the same to be replevied and the respondent failing to give the statutory bond within the time prescribed by law, entitling him to retain possession, the goods and chattels were delivered by the sheriff to the appellant.

The above facts were found by the court, sitting without a jury, on the trial of the replevin action.

In addition, the trial judge found that since the good faith of the mortgage was not questioned, it would be assumed that it was free from taint of fraud as between the parties to it. The trial judge further found that the affidavit as to the consideration of the mortgage was not in compliance with the statute, in that it failed to state how the debt on which it was founded arose or was incurred, and, therefore, very properly decided that under the statute the mortgage was absolutely void as to creditors whose debts were existing at the time the mortgage was executed. *Ehler* v. *Turner,* 35 *N. J. Eq.* 68; *Graham Button Co.* v. *Spielman,* 50 *Id.* 120.

The trial judge then proceeding upon the theory that because the appellant's debt had not been reduced to judgment, with an execution issued thereon and sale thereunder after the foreclosure sale had taken place, the appellant was not in a legal position to acquire any title to the property so sold by virtue of the sale under its execution, and, therefore, he found that the property replevied by the appellant was not its property, but the property of the respondent, and gave judgment in favor of the respondent and against the appellant for $125 damages and costs, under section 27 of the Replevin act. *Comp. Stat., p.* 4375.

In this finding and conclusion the learned trial judge erred. He gave to the sale under the foreclosure of a mortgage, absolutely void as against the appellant, the effect of a sale under a valid instrument.

Undoubtedly, the mortgagor was not in a position to successfully question the validity of the sale, because of the defect in the mortgage, whereas an existing creditor, by virtue of his incohate right, under the statute, and who had reduced his

claim to judgment, issued execution thereon and had a levy made upon the goods covered by the chattel mortgage, was.

It needs no argument to establish that an instrument declared by law to be absolutely void as against existing creditors cannot legally be made the basis of a valid sale as against them. While it is true that an existing creditor is not in a legal position to question the validity of a chattel mortgage until he has obtained some lien on the goods covered by the void instrument, as above pointed out, it does not follow that because the goods were sold by virtue of the chattel mortgage before the existing creditor obtained his judgment and issued execution thereon against such goods that they thereby became immune to the lien created by the execution, but, on the contrary, the lien created by the execution gave the creditor a legal standing to test the validity, as to him, of the sale of the goods under the chattel mortgage. This appears to be the consensus of judicial opinion gathered from the following cases: *Mulford* v. *Tunis*, 35 *N. J. L.* 256; *Dickinson* v. *Harbinson*, 78 *Id.* 97, 100; *Haston* v. *Castner*, 31 *N. J. Eq.* 697, 698; *Brockhurst* v. *Cox*, 71 *Id.* 703, 708; *Manderville* v. *Avery*, 124 *N. Y.* 376; *Stephens* v. *Perrine*, 143 *Id.* 476.

Judgment will be reversed and a *venire de novo* ordered.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS, TAYLOR, JJ. 15.