This is a suit where judgment creditors of defendant Price compel the defendant Golden to account for the proceeds of the sale under a chattel mortgage on property of defendant Price. In 1928 Price executed a document purporting to be a chattel mortgage to Golden to secure the sum of $3,000. Appended thereto was an affidavit purporting to set forth the consideration. The document was recorded as a chattel mortgage and subsequently complainants sold goods to Price. Defendant Golden subsequently sold the goods under the chattel mortgage for the sum of $3,400. After the sale complainants reduced their claims to judgments. It is contended on behalf of complainants that the affidavit appended to the mortgage was defective under the statute and that the *Page 554 
mortgage was accordingly void as against them, and that defendant Golden should be directed to account to them out of the $3,400 for the amount of their judgments. In my opinion they have sustained this contention.
The Chattel Mortgage act provides so far as relative here that every mortgage not accompanied by immediate delivery "shall be absolutely void as against the creditors of the mortgagor unless the mortgage having annexed thereto an affidavit stating the consideration of said mortgage be recorded." Here there was a statement annexed purporting to set forth the true consideration for the $3,000 and enumerating certain notes and checks aggregating more than one-half of the principal sum and two items set forth as cash loans. The dates and names of the makers of these checks and notes are set forth but there is no statement as to what the consideration was for them. It is settled by the decisions that the mere setting up of a note or check is not sufficient compliance with the statute, the purpose of which was to require the true and actual consideration to be stated as a safeguard against fraudulent mortgages to secure fictitious claims. Ehler v. Turner, 35 N.J. Eq. 68; Latham's Admrs. v.Lawrence, 11 N.J. Law 322; Dunham v. Cramer, 63 N.J. Eq. 151;Collerd v. Tully, 78 N.J. Eq. 557.
The statute requires that the statement set forth the true consideration for the entire amount covered by the mortgage, and the statement in the instant case that part of the consideration was loans does not validate the mortgage even to the extent of the loan. The entire instrument stands or falls together.Collerd v. Tully, supra. The court says: "The statute makes it obligatory that it should set forth the consideration of the mortgage not partially but completely."
It is contended on behalf of defendant Golden that complainants cannot be heard to attack the mortgage to him because they were not creditors before the recording of the mortgage. This position is untenable. The protection given to recorded mortgages as against subsequent creditors is extended only to a person claiming under a mortgage made in compliance with the statute. The statute was not complied with because the true consideration was not set forth. *Page 555 Vanaman v. Fliehr, 75 N.J. Eq. 88; Seacoast Finance Corp. v.Cornell, 104 N.J. Law 24.
Having seized and sold the chattels under a mortgage that was void as against the creditors, defendant Golden is chargeable with the proceeds and must account therefor. National Shoe andLeather Bank v. August, 54 N.J. Eq. 182.
A decree will be advised accordingly.