The bill is to set aside a chattel mortgage on the ground that the affidavit annexed is defective.
The defendant Wadley gave to the defendant Second National Bank and Trust Company of Red Bank, New Jersey, a mortgage on a herd of cattle and other chattels on his farm in Monmouth county, to secure $20,000. The mortgage bears date January 7th, 1932, and was recorded the next day.
The complainant recovered a judgment in the supreme court against Wadley on May 16th, 1932, for $10,217.28, and levied upon the mortgaged chattels. The execution of the judgment was stayed by the supreme court pending the decision of a motion to open the judgment to let in a defense. *Page 536 
The mortgagee was about to sell under its mortgage when a restraint was issued on this bill. The final hearing is on bill and answer, all the material allegations being admitted.
The single question submitted is: Does the affidavit annexed to the chattel mortgage state the consideration of the mortgage as required by the fourth section of the Chattel Mortgage act?Comp. Stat. p. 463.
The president of the bank deposed:
"* * * that the true consideration of said mortgage is as follows, namely: the acceptance of a promissory note in the sum of eighteen thousand five hundred dollars dated January 6th, 1932, a true copy of which is set forth in the foregoing chattel mortgage which said note is given and accepted as a renewal note to the extent of fourteen thousand one hundred and fifty dollars of other notes of the said chattel mortgagor held by the said chattel mortgagee at the time of giving this chattel mortgage, and to the extent of one thousand eight hundred and seventy-three dollars and seventy-six cents representing notes discounted by said chattel mortgagee for said chattel mortgagor and endorsed by the latter, and the additional two thousand four hundred and seventy-six dollars and twenty-four cents represented by actual cash advanced said chattel mortgagor by said chattel mortgagee at the time of the execution of this chattel mortgage; the additional sum of one thousand five hundred dollars, namely, the difference between eighteen thousand five hundred dollars and twenty thousand dollars, the amount of said chattel mortgage, to be advanced said chattel mortgagor, during the term of this chattel mortgage if he shall require said moneys and said chattel mortgagee shall elect to advance it; * * *." That the amount due is $18,500 and that there may grow due $1,500.
The note is copied in the mortgages, and the condition is that upon the payment of the note and the $1,500, if later lent, the mortgage is to be void. There is nothing in the body of the mortgage shedding light on the consideration.
The affidavit is defective in respect of the averment that the consideration is the acceptance of the $18,500 note as a *Page 537 
renewal note to the extent of $14,150 of other notes of the mortgagor held by the bank. It merely shows a state of facts, not a consideration. It discloses that the bank held the mortgagor's evidence of indebtedness, the notes, for which the renewal was given, in part, but it fails to state how the indebtedness arose, what the consideration was upon which the notes were given, a loan of money, the value of work done, the price of things sold, or the like. Graham Button Co. v. Spielmann, 50 N.J. Eq. 120;affirmed, Ibid. 796. In that case Vice-Chancellor Van Fleet held, as he had held in the earlier case of Ehler v. Turner,35 N.J. Eq. 68, that a compliance with the statute requires that the affidavit disclose how the relation of debtor and creditor was created. Dunham v. Cramer, 63 N.J. Eq. 151; Lion Shoe Co.
v. Price, 108 N.J. Eq. 553. So closely has this doctrine been adhered to that our court of errors and appeals in Collerd v.Tully, 78 N.J. Eq. 557, expressed the view that an affidavit that the consideration was the balance due on a judgment, the highest form of evidence of indebtedness, was deficient because it failed to show the origin of the debt upon which the judgment was recovered. Counsel for the bank argues, in effect, that as the mortgagee is a national bank and its business that of lending money on, or discounting notes, it is to be spelled out that the notes were for money lent. It is not an exclusive inference. National banks, sometimes, in self-protection, buy in their debtors' collaterals and later sell them; they also buy and sell securities. But if it were, the statute does not allow us to infer that the consideration of a chattel mortgage to a bank was for money loaned, any more than one to a shoemaker was for shoes, but exacts from all holders of such instruments, alike, that they state under oath how the obligation intended to be secured came into existence. Nothing short of that will do. The requirement is imperative, and the reason for it has been so often told that it will not be repeated.
The pressing question is not was the mortgage honestly given to secure an honest debt; it is not one of untruthful affidavit of consideration as in Miller v. Gourley, 65 N.J. Eq. 237, andHunt v. Ludwig, 93 N.J. Eq. 314; affirmed, 94 N. *Page 538 J. Eq. 158, nor that the underlying notes are not sufficiently described, as in Dunham v. Cramer, supra; it is not that the consideration is not stated with the legal preciseness thought necessary before the more liberal interpretation of the statute in American Soda Fountain Co. v. Stolzenbach,75 N.J. Law 721, but whether the consideration is substantially stated in the annexed affidavit, and we hold, upon the authorities cited, that it is not. While the courts no longer insist upon a techical statement of the consideration, substantial compliance with the statute has not been dispensed with.
The mortgage cannot be upheld as to so much of the consideration which is sufficiently stated to be $2,476.24 actual cash advanced. The point was decided by our court of errors and appeals in Collerd v. Tully, supra, where it was held that the chattel mortgage was void as to creditors unless the affidavit set forth the consideration of the mortgage, not partially, but completely.
A decree setting aside the mortgage as against the complainant will await the outcome of the action at law. In the meantime the restraint upon the bank from selling, as modified, will continue.