The bill of complaint is brought to set aside two certain chattel mortgages executed by the Clinton Shirt and Blouse Company, one to Leroy Duckworth, and the other to the Commercial Shirt Corporation of New York. Both mortgages are attacked on the ground that the affidavits attached thereto are insufficient in law for failure to state the true consideration, as provided for by section 4 of an act entitled "An act concerning mortgages on chattels" (Revision of 1902). 1 Comp. Stat. p. 463.
The affidavit attached to the Duckworth mortgage reads:
"The mortgagee in the foregoing mortgage named, being duly sworn on his oath says that the true consideration of said mortgage is as follows:
"This is given to secure the payment of a series of notes given by the Clinton Shirt and Blouse Company, Incorporated, to the Clinton National Bank, and endorsed by Leroy Duckworth, and others; the said notes total the sum of $2,900. Eight of these notes are in the sum of $300 each, and the ninth and last note in the amount of $500, with three months time between each note from April 15th, 1931, until June 15th, 1933. There is due on this mortgage, $2,900 beside lawful interest from April 15th, 1931."
The affidavit attached to the mortgage given to the Commercial Shirt Corporation of New York, reads:
"Oscar Horowitz, President of the Commercial Shirt Corp. of New York, the mortgagee in the foregoing mortgage named, being duly sworn on his oath says that the true consideration of said mortgage is as follows:
"Payment of $5,000 which is security for the payment of the above amount on the mortgage made between the parties hereto and which mortgage is a purchase-money mortgage on a factorysituated on New Street, Clinton, New Jersey, which has this daybeen sold by parties of the second part to parties of the firstpart. This chattel mortgage *Page 456 
is given to secure a mortgage made by party of the first part to party of the second part for the sum of $12,000, and which mortgage is to run for seven years and payable with interest at 6% per annum covered by a series of notes made payable in payments of $750 for the first three years on the 1st day of June and the 1st day of July commencing on January 1st, 1932, and thereafter at the rate of $1,000 on the 1st day of January and 1st day of July. That the Chattel Mortgage shall become null and void after an amount of $5,000 has been paid on the aforementioned mortgage. There is due on this mortgage the sum of $5,000 together with interest from May 20th, 1931." (Italics mine.)
The complainants, Bernhard Meyer, Jr., Fred Meyer, Adeline Meyer and Edward F. Meyer, are creditors of the defendant corporation in the total sum of $900, for which they obtained judgment. The bill of complaint alleges that foreclosure proceedings on the chattel mortgages have been commenced, and the matter comes before me on the return of an order to show cause restraining the foreclosure proceedings.
The complainants contend that the affidavits do not set forth the consideration for the notes which the mortgages are given to secure, and so they argue, do not comply with the statute.
The affidavit of Horowitz in the mortgage given by the Commercial Shirt Corporation of New York truthfully sets forth that it is given by way of further security to secure the $12,000 mortgage on the real estate, which mortgage represents a part of the purchase price of the factory property purchased by that company from the Commercial Shirt Corporation of New York, and that the real estate mortgage is to run for seven years at six per cent. per annum and is covered by a series of notes and the amounts and due dates thereof, and that the chattel mortgage is to become null and void after the sum of $5,000 has been paid on account of the $12,000 mortgage. As to this mortgage there is no question. The affidavit, I hold, sufficiently sets forth the true consideration.
The liability secured by the mortgage given to Leroy Duckworth is stated to be an accommodation liability by himself and others as endorsers of nine notes, given by the mortgagor to the Clinton National Bank, and while it sets forth *Page 457 
the amount of each note and its due date, it fails to state how the indebtedness arose, what the consideration was upon which the notes were given, a loan of money, the value of work done, the price of things sold, or the like. While the courts no longer insist upon a technical statement of the consideration, substantial compliance with the statute has not been dispensed with. The statute requires that the affidavit disclose how the relation of debtor and creditor was created. A statement purporting to set forth the true consideration by enumerating certain notes and their dates, without stating the consideration for the notes, is insufficient compliance with the statute, the purpose of which was to require the true and actual consideration to be stated as a safeguard against fraudulent mortgages to secure fictitious claims. Lion Shoe Co. v. Price, 108 N.J. Eq. 553.
An affidavit that the consideration was the balance due on a judgment, which is the highest form of evidence of indebtedness, was declared insufficient because it failed to show the origin of the debt upon which the judgment was recovered.Collerd v. Tully, 78 N.J. Eq. 557.
In considering the sufficiency of an affidavit annexed to a chattel mortgage in Wisner Manufacturing Co. v. SecondNational Bank and Trust Co. of Red Bank, 111 N.J. Eq. 535,
Vice-Chancellor Backes, in an opinion in which he reviews the cases upon this subject where the affidavit stated that the mortgage was given to secure certain notes, the consideration for which was not set forth in the affidavit, held: "that the chattel mortgage was void as to creditors unless the affidavit annexed sets forth the consideration of the mortgage, not partially, but completely."
Decree will be entered setting aside the mortgage to Leroy Duckworth as against the complainants. *Page 458