The chattel mortgage executed by the defendant, Hornich-Towers Company, Incorporated, dated November 2d 1932, sets forth the consideration in the body of the mortgage to be "the sum of five hundred dollars ($500) upon demand with interest thereon at and after the rate of six per centum (6%) per annum, payable on the first day of each and every month hereafter until the payment of said sum of five hundred dollars ($500)." The affidavit states "the true consideration of the said mortgage is as follows, viz., the sum of $500 in cash."
The receiver of the defendant company sold the chattels covered by the mortgage under an order of the court, the lien to attach to the proceeds, and the matter now comes before me on petition of the mortgagee and upon order to show cause why the receiver should not pay the sum of $500 and interest to the mortgagee in preference and as a priority over the claims and liens of other creditors. The receiver resists, contending that the chattel mortgage is void in that the affidavit does not set forth the true consideration as required by the statute. 1 Comp. Stat. p.463 § 4.
The affidavit is defective in that it does not state what was the consideration for the mortgage. The case of Abeles v.Guelick, 101 N.J. Eq. 180, is cited by the mortgagee in support of her contention that the consideration is sufficiently stated. That too was a mortgage in which the affidavit stated the sum of $400 payable on demand, but it will be observed that the affidavit set forth that it was the sum of $400 in cash "this dayloaned and advanced to George Guelich" (italics mine), and so the consideration for the mortgage was stated to be a cash loan.Bateman Brothers, Inc., v. Jones, 109 N.J. Eq. 8, likewise cited by the mortgagee in support of her contention that the mortgage is valid is clearly distinguishable from the instant case for the reason that while the mortgage was given to secure promissory notes, the consideration for the notes was set forth as "money loaned;" for "hay and corn;" for "horses, hay, c." The mortgage under consideration makes no such statement, and we may not infer, *Page 475 
in the face of the statute, that it was a loan. The argument that the court may draw an inference was made in Wisner ManufacturingCo. v. Second National Bank and Trust Company of Red Bank,111 N.J. Eq. 535. It was there held by Vice-Chancellor Backes that "the statute does not allow us to infer that the consideration of a chattel mortgage to a bank was for money loaned, any more than one to a shoemaker was for shoes, but exacts from all holders of such instruments, alike, that they state under oath how the obligation intended to be secured came into existence." The statute makes it obligatory that the affidavit should set forth the consideration of the mortgage, not partially, but completely.
The order to show cause will be discharged and the petition dismissed.