The Cranford Printing and Publishing Company was declared insolvent and the receiver sold its assets, including those covered by the chattel mortgage. The receiver now petitions for instructions as to the distribution of the proceeds, and in his petition attacks the legality of the mortgage on the grounds that: (a) it was not immediately recorded; (b) the affidavit of consideration was not made by the holder of the mortgage, its agent or attorney; (c) the affidavit fails to state the consideration of the mortgage.
The mortgage is not open to attack because it was not immediately recorded. It does not appear that any of the debts of the creditors represented by the receiver (Graham Button Co. v.Spielmann, 50 N.J. Eq. 120) were in existence before the mortgage was recorded, and under the eighth section of the Chattel Mortgage act (Comp. Stat. p. 469) a recorded chattel mortgage is valid as against subsequent creditors. Roe v.Meding, 53 N.J. Eq. 350.
The affidavit made by the trust officer and treasurer of the trust company, who, it appears from the body of the mortgage, was also vice-president, sufficiently shows it was made by an executive officer of the mortgagor company and, in legal contemplation, was the act of the corporation. American SodaFountain Co. v. Stolzenbach, 75 N.J. Law 721; Lessler v.Paterson National Bank, 97 N.J. Eq. 396.
The affidavit fails to state the consideration of the mortgage. The averment is that it was given to secure the bonds mentioned in the chattel mortgage. That is not enough unless the mortgage shows the consideration, and upon looking into the mortgage we find nothing more than that the *Page 169 
board of directors authorized an issue of bonds amounting to $15,000, and a copy of a bond. For what purpose, what consideration, the bonds were issued — to liquidate past duly verified debts, to purchase property or to secure advances — is not stated. The affidavit does not meet the proof of consideration approved in Camden Safe Deposit and Trust Co. v.Burlington Carpet Co., 33 Atl. Rep. 479, upon which the trust company relies. In that case the affidavit stated that the true consideration of the mortgage was "the issue of four hundred thousand dollars ($400,000) in bonds of the mortgagor, for the purpose specifically set forth in the mortgage." The mortgage disclosed that the Burlington Carpet Company resolved to "fund a loan" of $400,000 by a bond issue secured by its real and chattel mortgage, and the bonds being commercial, and the security for future advances upon the bonds attaching upon the execution and recording of the mortgage (Central Trust Co. v. ContinentalIron Works, 51 N.J. Eq. 605), the consideration was the future advances, as and when made. The statement of the lawful method of raising money was held to be a compliance with the fourth section of the Chattel Mortgage act. The mortgage here involved, to which the affidavit refers, fails to disclose the purpose or any consideration for the bond issue or the mortgage. That the bonds are negotiable instruments does not imply that they were issued for a consideration present or future. In fact, it appears from a statement by the receiver, who speaks from his record of claims presented to him, that the bonds were issued to a former president of the company and that most of them have been hypothecated by him as collateral security for his own debt.
A mere recital in an affidavit to a chattel mortgage that the consideration of the mortgage is to secure notes or bonds or any other certificate of indebtedness described in the body of the mortgage, without disclosing the consideration for their execution, does not meet the requirements of section 4 of the Chattel Mortgage act that the affidavit must state the consideration of the mortgage and as nearly as possible the amount due and to grow due thereon. The mortgage falls *Page 170 
within the decision of Wisner Mfg. Co. v. Second National Bankand Trust Co., 111 N.J. Eq. 535, where some of the earlier cases are discussed. We have nothing to add to what was there said.
The receiver is advised that the mortgage is not valid, for want of proper affidavit.