Two years ago the defendant Brush gave to Harold M. Blanchard as trustee, a mortgage on chattels in a store at Bogota. There was no actual change of possession of the things mortgaged and hence, under the Chattel Mortgage act (Comp. Stat. p. 463), the mortgage was void as against Brush's creditors, unless the mortgage with the affidavit required by the statute was immediately recorded. The mortgage was indeed recorded with an affidavit by the mortgagee stating that the consideration was certain promissory notes aggregating $3,600, but such a statement of the consideration is insufficient, since it does not show the consideration for the notes. Wisner Manufacturing Co. v.Second *Page 369 National Bank and Trust Co., 111 N.J. Eq. 535, and so the mortgage was void as to creditors.
Early this year the defendant Anna Rauch bought the mortgage from Mr. Blanchard for $415. She had notice of the defect in the affidavit and so stood in no better position than did her assignor. On March 12th, 1934, the mortgage being in default, Mrs. Rauch, by virtue of the power contained therein, sold the chattels at public auction to her husband, George Rauch, for a large nominal sum, namely, the amount due on the mortgage. Actually, he paid only $75, the amount of the bill of the lawyer who advised Mrs. Rauch in the transaction. The fair value of the chattels was $500. The sale based on the mortgage was void as to creditors. Wilkinson, Gaddis and Co. v. Bohlen,88 N.J. Law 680. On May 18th, 1934, complainants recovered judgment against the mortgagor Brush for $358. This judgment was founded on a debt which antedated the foreclosure sale.
On this state of facts, complainant prays that Mrs. Rauch account for the value of the goods sold, or else that they be resold to raise the amount due on complainant's judgment.
On the second branch of relief, it may be observed that title to the chattels is vested in George Rauch, except as against creditors in whose favor the sale is void. Rauch is not a party to the suit, has not had an opportunity to be heard, and will not be concluded by the decree. The sale will not be set aside and a resale of the goods will not be ordered.
Complainants rely on Lion Shoe Co. v. Price, 108 N.J. Eq. 553,
as authority for requiring Mrs. Rauch to account. In the case cited, Vice-Chancellor Lewis said: "Having seized and sold the chattel under a mortgage that was void as against the creditors, defendant Golden is chargeable with the proceeds and must account therefor." Defendants urge that there must have been special circumstances to lead Vice-Chancellor Lewis to his conclusion. They point out that in the present case, good faith in the inception of the mortgage, the assignment of Mrs. Rauch and in the sale of the chattels, has been fully proved. Defendants say Mrs. Rauch was not a trustee or agent for complainants; she had a power of sale *Page 370 
which she had a right to exercise; and she did nothing more; she did not sell complainants' interest in the chattels; the purchaser took title, good as to the mortgagor, but void as to creditors, and presumably in bidding he took into account that his title might fail.
The basis for holding a chattel mortgagee accountable to the creditors of the mortgagor is that the mortgage is a fraud upon the creditors and the mortgagee is a trustee for them and, in case he dispose of the property in violation of the trust, personally liable for its value or for its proceeds. Post v.Stiger, 29 N.J. Eq. 554; Jones v. Davenport, 44 N.J. Eq. 33;Muller v. Hubschman, 84 N.J. Eq. 30; Jaburg v. Kirschenbaum,90 N.J. Eq. 510; Stevens v. Peoples Home Journal, Inc.,113 N.J. Eq. 516. If he sells to one who has notice of the trust, his grantee stands in no better position and is likewise a trustee. Mingus v. Condit, 23 N.J. Eq. 313. At common law, a chattel mortgage unaccompanied by change of possession was primafacie fraudulent as to creditors, but the transaction was open to explanation; the onus probandi rested with the mortgagee, who was compelled to prove not only his debt but to give satisfactory reasons for the non-delivery of the property.Runyon v. Groshon, 12 N.J. Eq. 86; Fidelity Trust Co. v.Staten Island Clay Co., 70 N.J. Eq. 558; Stevens v. PeoplesHome Journal, Inc., supra. The Chattel Mortgage act changes this rule by making the mortgage in certain cases void as to creditors regardless of fraudulent intent; failure to comply with the statute is conclusive proof of fraud; the mortgagee whose mortgage is void as to creditors is a trustee and accountable to them even though his good faith is satisfactorily established.
There is, however, a defect in complainants' case; they did not issue execution on their judgment and therefore they cannot attack the mortgage. Graham Button Co. v. Spielmann, 50 N.J. Eq. 120; Ibid. 796. This rule applies even though complainants are not seeking to subject their debtor's chattels to an execution sale, but are asking a personal judgment against Mrs. Rauch. Muller v. Hubschman, supra, and Jaburg v.Kirschenbaum, supra. The bill will be dismissed. *Page 371