The bill is filed to foreclose a chattel mortgage executed by defendants Plasket and Miller, trading as Garden Justice Hosiery Company, covering machines and equipment. The defendant Burlington County Trust Company is a judgment creditor under a judgment obtained after the execution of the mortgage but those debts arose sometime before the execution and recording of the mortgage. The property levied upon under this judgment is the same property covered by the chattel mortgage as appears by the testimony in this *Page 599 
cause. The defendant Burlington County Trust Company by its answer challenges the validity of complainant's mortgage upon three grounds because
(a) The chattel mortgage was not recorded within the time limited by the statute;
(b) The affidavit of the mortgagee does not set forth the true consideration;
(c) The affidavit is otherwise defective because of its failure to show that the officer of the complainant corporation had authority to make such an affidavit; all of which are requirements under section 4 of an act entitled, "An act concerning mortgages on chattels." 1 Comp. Stat. p. 463.
The affidavit of the mortgagee reads as follows:
| "STATE OF NORTH CAROLINA ss.
CABARRUS COUNTY. |
"C.W. Byrd on oath says: That he is Secretary Treasurer, Locke Cotton Mills Co., Concord, N.C., the mortgagee in the foregoing mortgage named; that the true consideration of said mortgage, which is hereby made part hereof for the purpose of explaining, amplifying or qualifying this affidavit, is as follows: viz.: The sum of $3,700.00 which is loaned to the parties of the first part on account of an existing indebtedness of $2,622.48, and an additional credit of $1,177.52, totaling in all $3,700.00.
"Deponent further says that the consideration of this mortgage at this time is the forebearance of the party of the second part to sue the party of the first part for $2,622.48 which is now due and owing, and to secure the party of the second part for its additional merchandise which it agrees to ship on credit in the sum of $1,177.52, bringing the total indebtedness to $3,700.00 and that there is due on said mortgage the sum of thirty-seven hundred dollars ($3,700.00) besides lawful interest thereon from the eleventh day of October, 1932.
LOCKE COTTON MILLS COMPANY, Sworn to and subscribed this by C.W. Byrd, 15th day of October, A.D. 1932, Secy. Treas." before me
 ROBERT DICK, JR., Notary Public.
My Commission expires Feby. 20, 1934."
to which is attached certificate of the deputy clerk of said Cabarrus county, dated October 15th, 1932, certifying to the authority of the notary public to take the affidavit. *Page 600 
(a) The provisions of the statute concerning chattel mortgages,supra, have been construed by the courts to require an immediate possession by the mortgagee or an immediate recording of the mortgage, in default of which the same is absolutely void against the creditors of the mortgagor, and such immediate possession or immediate recording is held to mean as soon as may be by reasonable dispatch under the circumstances of the case.Brockhurst v. Cox, 71 N.J. Eq. 703; affirmed, 72 N.J. Eq. 950;Black v. Mullins Co., 86 N.J. Law 463.
The mortgage was dated October 11th, 1932, and executed and acknowledged the same day in Camden county, New Jersey, and mailed on that day to the mortgagee at Concord, North Carolina, by Horace G. Brown, attorney for the mortgagors, and in the letter of Mr. Brown to the mortgagee he advised that the affidavit would have to be taken and the mortgage returned to him immediately. In the letter was enclosed a note for $3,700, signed by the mortgagors. The mortgage was received by complainant on October 13th, as testified to by Clifton W. Byrd, its secretary and treasurer, and on the following day, the 14th, he sent a telegram to the mortgagors, criticising the form of the note, and on that day Mr. Brown telegraphed that the new note was sent, and it was then mailed by him with a letter bearing that date. This telegram was received on the same day, and it appeared from the testimony of Mr. Byrd that he was satisfied that he had received this letter and note on October 15th. On behalf of the mortgagee, he thereupon took the affidavit to the chattel mortgage before a notary public who was employed in the office of the company, and obtained the certificate of authority, and that day shipped to the mortgagors, merchandise in accordance with the arrangements, as evidenced by a letter written to them. The chattel mortgage was mailed to Mr. Brown on the afternoon of the 17th. I rather inferred from the testimony of Mr. Byrd that the execution of the chattel mortgage, including the obtaining of the certificate of authority, took place on the morning of the 15th, which was Saturday, and there seems to be no reasonable explanation *Page 601 
why the chattel mortgage was not mailed immediately after its execution and on the same day, to Mr. Brown. In the chattel mortgage, no mention whatever was made of the giving of a note and there seems to be no particular reason why the mortgage should have been held, even as long as the 15th before it was executed and returned; at least not on account of the note. The chattel mortgage was finally recorded on October 21st. Certainly there was no excuse for the neglect in mailing the chattel mortgage back to the attorney for record after it was executed on the 15th. Specific instructions were given to the mortgagee, and even if the circumstances warranted the holding up of the affidavit on the mortgage to the 15th, the delay in remailing the mortgage until the afternoon of the 17th is such a failure of compliance with the requirement of immediate recording as renders the mortgage void as against the defendant trust company.
(b) As to the consideration set forth in the affidavit, it is required that a substantial compliance only is necessary in so far as the affidavit is concerned. American Soda Fountain Co.
v. Stolzenbach, 75 N.J. Law 721. It is necessary that the affidavit show how the relationship of creditor and debtor arose between the mortgagor and the mortgagee. The consideration must be substantially stated, although a technical statement thereof is not required. There was no fraud in the giving of this chattel mortgage and while the testimony of the secretary and treasurer of the mortgagee indicates that the amount sworn to be due is not correct, I am inclined to think that the chief fault of the affidavit lies in its failure to express with sufficient explicitness, the consideration. The affidavit setting up the consideration contains two paragraphs. The first paragraph obviously misstates the fact because no sum of money was loaned at the time of the making of the chattel mortgage, but it must be gathered from the testimony on the subject that there was an existing indebtedness of $2,622.48 and a further credit to be given of $1,177.52. That paragraph fails to set forth how the indebtedness arose, which is necessary. As to the second paragraph which attempts to set up the same consideration, there is a failure *Page 602 
to show how the indebtedness of $2,622.48 was incurred, for which the mortgagee was to forbear bringing suit; and even if the second part of that paragraph was sufficient to show that the remaining sum of $1,177.52 is for the price of merchandise sold, the mortgage cannot be upheld as to that specific portion of the consideration, even though that portion is sufficiently stated.Collerd v. Tulley, 78 N.J. Eq. 557. There is nothing in the condition of the chattel mortgage which assists in interpreting the meaning of the affidavit because it merely provides that the mortgagors shall pay to the mortgagee the sum of $3,700. The affidavit is defective as to a statement of the true consideration.
(c) The affidavit is taken by the secretary and treasurer of the mortgagee and he is described as such in the affidavit. The fourth section of the Chattel Mortgage act, supra, requires that the affidavit of the mortgagee be "made and subscribed to by the holder of the mortgage, his agent or attorney." The affidavit is criticised because it failed to show that the secretary and treasurer had authority to act for the corporation. Where an officer of the corporation is described in the affidavit in that capacity, it must be said that it is taken by him as an officer of the company, and not as an agent. It is quite obvious that the secretary and treasurer of a corporation, while he may not be said to be an executive officer, is by reason of such office conversant with its financial affairs, and since the affidavit herein discloses the affiant's official connection with the company, it seems to me that his affidavit, in legal contemplation, is the affidavit of the mortgagee and should come within the principle set up in the cases of American SodaFountain Co. v. Stolzenbach, supra, and Lessler v. PatersonNational Bank, 97 N.J. Eq. 396; affirmed, 99 N.J. Eq. 428. The affidavit in that respect is good.
The bill will be dismissed, for the two reasons first mentioned. *Page 603