### HARDWARE MUT. CASUALTY CO. v. LIEBERMAN et al.

#### Civil No. 506.

District Court, D. New Jersey.

Feb. 26, 1942.

Cox & Walburg, of Newark, N. J. (Harry E. Walburg, of Newark, N. J., of counsel), for plaintiff.

Weinberger & Weinberger, of Passaic, N. J., for defendants Jack Lieberman and Harry Lieberman, individually and trading as Lieberman Bros.

J. Bernard Saltzman, of Passaic, N. J., for defendants Max Lieberman, Cambridge Handkerchief Works, Inc., and Tillie L. Cohen.

FAKE, District Judge.

The issues here arise on a motion for summary judgment pursuant to Rules 12(c) and 56(a), 28 U.S.C.A. following section 723c.

It appears from the record that on June 10, 1941, an opinion of this court was filed, 39 F.Supp. 243, a judgment was entered thereon on June 17, 1941, in favor of the plaintiff herein and against the defendants Jack Lieberman and Harry Lieberman, individually and trading as Lieberman Bros. for the sum of $4,088.95. On July 3, 1941, an execution was issued thereon and returned unsatisfied.

On October 8, 1941, this ancillary action was instituted, seeking to recover against assets of the above named defendants alleged to have been illegally and fraudulently transferred. An order was entered setting aside the service as to the defendant Nathan M. Cohen. The remaining defendants have entered their appearances, filed their answers, and are properly before the Court in this proceeding.

On October 28, 1938, the defendants Lieberman, trading as Lieberman Bros., executed and delivered a chattel mortgage covering certain personal property to the defendant Cambridge Handkerchief Works, Inc., securing the sum of $2,002, which mortgage was duly registered in the office of the Register of Passaic County. On September 24, 1941, an alias execution issued on the above judgment, and the

United States Marshal made a levy against the property covered by the mortgage.

It is argued that the mortgage is void on its face for failure to comply with N.J.R.S. 46:28–5, N.J.S.A. 46:28–5, in that the mortgage and the affidavit attached, when read together, fail to state the consideration as fully as the statute requires. The specific language of the affidavit upon which the attack is made reads as follows: "2. The liability of the said mortgagee to pay, as accommodation maker, a certain trade acceptance made on August 11, 1938, payable on November 14, 1938 in the sum of $502.00 which said trade acceptance will be duly honored and paid by the said mortgagee on its due date."

From the foregoing it is noted that there is no disclosure as to the consideration upon which the trade acceptance was based, nor is there anything to identify the mortgagor as obligated in connection with it, and a reading of the mortgage fails to supply these missing factors.

In Wisner Manufacturing Co. v. Second National Bank & Trust Co. of Red Bank, 111 N.J.Eq. 535, 162 A. 917, the late Vice Chancellor Backes held an affidavit defective which stated the consideration in a chattel mortgage to be the acceptance of an $18,500 note as a renewal note to the extent of $14,150, because it failed to state how the indebtedness arose or what the consideration was upon which the notes were given. In his opinion he cites with approval Collerd v. Tully, 78 N.J.Eq. 557, 80 A. 491, Ann.Cas.1912C, 78, wherein it was held that an affidavit disclosing that the consideration was based on a judgment was defective because it did not disclose the origin of the debt upon which the judgment was recovered, and that where the consideration was sufficiently stated in part, as in the instant case, the mortgage could not be sustained for the amount sufficiently stated, because the statutory requirement necessitated a sworn statement covering the whole amount involved.

In Meyer v. Clinton Shirt & Blouse Co., Inc., 113 N.J.Eq. 454, 167 A. 518, 519, Vice Chancellor Stein, in holding an affidavit defective, said: "The liability secured by the mortgage given to Leroy Duckworth is stated to be an accommodation liability by himself and others as indorsers of nine notes, given by the mortgagor to the Clinton National Bank, and, while it sets forth the amount of each note and its due date, it fails to state how the indebtedness

arose, what the consideration was upon which the notes were given, a loan of money, the value of work done, the price of things sold, or the like. While the courts no longer insist upon a technical statement of the consideration, substantial compliance with the statute has not been dispensed with. The statute requires that the affidavit disclose how the relation of debtor and creditor was created. A statement purporting to set forth the true consideration by enumerating certain notes and their dates, without stating the consideration for the notes, is insufficient compliance with the statute, the purpose of which was to require the true and actual consideration to be stated as a safeguard against fraudulent mortgages to secure fictitious claims." See also Ehler v. Turner, 35 N.J.Eq. 68; Dunham v. Cramer, 63 N.J.Eq. 151, 51 A. 1011; Wilkinson, Caddis & Company v. Bohlen, 88 N.J.L. 680, 97 A. 279; Hunt v. Ludwig, 94 N.J.Eq. 158, 118 A. 839; Lion Shoe Co. et al. v. Price, 108 N.J.Eq. 553, 155 A. 775; Hornich v. Hornich-Towers Co. Inc., 114 N.J.Eq. 473, 168 A. 866; Warner v. Cranford Printing & Publishing Co., 116 N.J.Eq. 166, 172 A. 808; Arnesto Paint Co. v. Brush, 117 N.J.Eq. 368, 175 A. 902; Locke Cotton Mills Co. v. Plasket, 119 N.J.Eq. 598, 183 A. 682; Atzingen v. Ottolino, 124 N.J.Eq. 510, 2 A.2d 652.

The latest case on the subject is Bigel v. Brandtjen & Kluge, 129 N.J.Eq. 537, 20 A.2d 320, affirmed by the New Jersey Court of Errors and Appeals on the 29th day of January, 1942, 131 N.J.Eq. 119, 24 A.2d 179, wherein the Appellate Court says, as to the affidavit: "Honesty is not alone the determinative; completeness of statement is also a prerequisite."

On June 19, 1941, four days after the opinion of this court was filed as above noted, the Cambridge Handkerchief Works, Inc., foreclosed its mortgage and bought in the chattels covered thereby, and on June 20, 1941, sold the same to Tillie L. Cohen, and she in turn on the same day sold them to one Max Lieberman, a son of the defendant Harry Lieberman, who again on the same day executed and delivered a chattel mortgage for part of the purchase price to Tillie L. Cohen.

The chattel mortgage, which was foreclosed as above stated, being void under the law of New Jersey, availed nothing, and the titles based thereon must, therefore, fall.

A judgment final will be entered in favor of the plaintiff and against the remaining defendants in conformity with the prayers of the complaint.