FIRST JUDICIAL DISTRICT COURT OF WARREN COUNTY.

EMPLOYEES PERSONAL LOAN COMPANY, A CORPORATION, FORMERLY EVEREADY LOAN COMPANY, PLAINTIFF, v. REGINALD JACOBSEN, ALSO KNOWN AS JACK JACOBSEN AND JEAN JACOBSEN, HIS WIFE, DEFENDANTS.

Decided October 29, 1947.

For the plaintiff, *Charles Blume.*

For the defendants, *Frederick Sundheim.*

KINGFIELD, D. C. J.   The above suit is on two counts: the first is based on a promissory note; and the second on a chattel mortgage covering household furniture, musical instruments and other chattels.   It was admitted that the statute of limitations barred recovery on the first count.   The said chattel mortgage was not a purchase-money mortgage; and was executed by the defendants, who were husband and wife.

The defendants contended that since the said chattel mortgage was unrecorded, it was void under the provisions of *R. S.* 46:28–6; *N. J. S. A.* 46:28–6, thereby precluding the plaintiff from any recovery whatsoever on his state of demand. In cases construing similar chattel mortgages, they were held to be void only to the extent that they included household furniture: the purpose being to protect property used in a household by a family.   *Green* v. *McCrane,* 55 *N. J. Eq.* 436; 37 *Atl. Rep.* 318; *Dunham* v. *Cramer,* 63 *N. J. Eq.* 151; 51 *Atl. Rep.* 1011; *McHugh* v. *Spotts,* 121 *N. J. L.* 447; 3 *Atl. Rep.* (*2d*) 141.

In the recent case of *Ehnes* v. *Hronis,* 127 *N. J. L.* 551; 23 *Atl. Rep.* (*2d*) 592, decided by the Court of Errors and Appeals, recovery was allowed upon the covenant contained in an unrecorded chattel mortgage identical to the one in question.

In the unreported case of Ehnes *v.* Boenisch, decided by Judge Masucci, in the District Court of the Second Judicial District of Essex County, recovery was allowed on a similar chattel mortgage, the court stating that despite the fact that the chattel mortgage is void under *R. S.* 46:28–6; *N. J. S. A.* 46:28–6, it does not relieve the defendants of their personal responsibility to pay their debt. The cited statute only affects the validity of the lien of said mortgage against the said household furniture.

Therefore it is my opinion that although an unrecorded chattel mortgage executed by a husband and his wife covering household goods is void as a lien against such household goods, a suit based upon the covenant in the said mortgage to pay a certain sum of money constitutes a valid cause of action. There will be a judgment entered against the defendants and in favor of the plaintiff for $81.23 upon the second count.