CAMDEN COUNTY CIRCUIT COURT.

D. W. DAWSON, PLAINTIFF, v. E. FRANK PINE, DEFENDANT.

Decided June 21, 1928.

For the plaintiff, *Frank Nelson Jess.*

For the defendant, *A. Moulton McNutt.*

DONGES, J.   This is an action in replevin by plaintiff, a chattel mortgagee, against defendant, who is in possession of property purchased at a sale by the sheriff of Camden county, on execution of a judgment of defendant against one Fredia E. Cotter, who mortgaged said chattels to plaintiff.

The facts are stipulated, and a single question is submitted, namely, whether the affidavit made by the plaintiff, as chattel mortgagee, is a sufficient compliance with the statute.   That affidavit is as follows:

"STATE OF NEW JERSEY ⎫ ss.
CAMDEN COUNTY ⎭

D. W. Dawson, being duly sworn according to law on his oath says: That he is the mortgagee in the foregoing mortgage named; that the true consideration of said mortgage, which is hereby made part hereof for the purpose of explaining, amplifying or qualifying this affidavit, is as follows, viz.:

Contingent liability on endorsement of the note of [$400] four hundred dollars, made by Fredia E. Cotter, payable at the Merchant's Trust Company at Camden, N. J.

One hundred fifty dollars [$150] advances made in cash by mortgagee to mortgagor prior to the ensealing of these presents.

Five hundred dollars [$500] paid at the ensealing of these presents.

And that there is due on said mortgage the sum of ten hundred fifty dollars [$1,050] besides lawful interest thereon from the thirtieth day of July, A. D. 1926.

D. W. DAWSON.

Sworn and subscribed this 31st day of July, A. D. 1926, before me,

FRANK NELSON JESS,
*Att'y at Law of N. J.*"

The defendant asserts that the affidavit is insufficient, and that the mortgage, therefore, is invalid, because it does not sufficiently set out the true consideration of the mortgage. Defendant asserts that the first statement relating to the contingent liability does not sufficiently apprize an intending creditor of the liability thereunder. I think that this point cannot be sustained. The language herein used is very similar to that passed upon by Vice-Chancellor Grey in the Court of Chancery, in the case of *W. & B. Douglass et al.* v. *Williams et al.,* 48 *Atl. Rep.* 222, where a statement of liability, or contingent liability, upon a promissory note and the renewal thereof was not set forth with any greater particularity than in the case under consideration. This case was cited with approval by the Court of Errors and Appeals in *American Soda Fountain Co.* v. *Stolzenbach, 75 N. J. L. 721.*

The second objection, that the affidavit does not state that the sum of one hundred and fifty dollars ($150) mentioned as the second item of consideration was due at the time of the affidavit is not borne out by the affidavit, which states that the three items, aggregating ten hundred and fifty dollars ($1,050) are all due at the time that the affidavit was made.

The third objection is that the affidavit does not disclose that the sum of $500 was advanced by the mortgagee to the mortgagor. It seems to me that when the whole instrument is read, it leaves no doubt that the money was advanced by the mortgagee to the mortgagor at the time of the execution of the mortgage, and then states that it is still due on the mortgage. That the moneys were due to the mortgagee as claimed in the affidavit is not disputed.

In the case of *Howell* v. *Stone & Downey, 75 N. J. Eq. 289,* the Court of Errors and Appeals held that "in the case of a *bona fide* chattel mortgage, the statutory affidavit of consideration should be liberally, not technically construed."

Judge Dill in that case said:

"Prior to the decision of this court in *American Soda Fountain Co.* v. *Stolzenbach, 75 N. J. L. 721,* the statutory affidavit of consideration of a chattel mortgage had been construed by courts below as 'a statutory requirement of con-

siderable technicality,' but in that case we squarely rejected that doctrine, holding that in the absence of fraud, instruments so common in the course of commercial transactions by laymen as chattel mortgages should be sustained·whenever there is an honest and substantial compliance with the statute.

"An affidavit of consideration is not to be tested by the rules of pleading nor treated as a technical requirement. On the contrary, it should be the aim of courts, when the mortgage is *bona fide,* to preserve and not to destroy, and, as Sir Matthew Hale said, the court should be astute to find means to make such instruments effectual according to the honest intent of the parties."

There is no allegation of fraud. There is no claim that the liability set forth is not a true statement of the exact situation. The attack is purely technical and not based upon merits. It seems to me that no intending creditor could be misled, and that he would be put upon notice of the debt sufficiently to inform himself whether it was, in fact, just and owing, or whether it did not exist.

As was said in *Howell* v. *Stone, supra,* "the statement of the consideration was a summary of the facts rather than a detailed history of the transaction." As was said in *Strong* v. *Gaskill,* 59 *Atl. Rep.* 339, "the affidavit stated the consideration with substantial truth and it is immaterial that it is inartificially drawn and not technically precise."

Plaintiff is entitled to judgment.