The defendant company's assets are in the hands of a receiver. Smith Engineering Works has a chattel mortgage made by the company on some of the assets and petitions that they be turned over to it. The receiver resists, claiming the chattel mortgage to be void for non-compliance with the Chattel Mortgage act. *Page 287 
The chattel mortgage was made to secure seven installment notes given for the purchase price of goods mortgaged, and the court's duty is to uphold it if legally permissible. American SodaFountain Co. v. Stolzenbach, 75 N.J. Law 721. The objections to the mortgage are various.
Failure to immediately record. The mortgage bears date May 1st, 1930; it was recorded May 12th. It had been sent on from Milwaukee to a bank in Montclair with the notes, a sight draft and a bill of lading for the goods. The bank delivered the bill of lading upon the company signing the mortgage and the notes and honoring the draft. That was May 1st. The mortgage was at once sent to the register of Essex county for record, only to be returned by him because of a defective certificate of acknowledgment and the want of an affidavit of consideration. Thereupon the bank framed an affidavit and forwarded the chattel mortgage to Milwaukee, and it was sworn to and returned to the bank under letter date of May 7th. The bank had the company reacknowledge the mortgage and the acknowledgment was again certified and mailed to the register May 10th and he recorded it Monday, May 12th. The notary inadvertently dated the new certificate May 1st, and he is unable precisely to fix the date of the reacknowledgment, but the circumstances indicate that it was May 10th. The mortgage was to be recordable; that was the consideration for the bill of lading. There was to be a mutual exchange of the documents; neither was to be operative until the other was delivered. The accidental handing over of the bill of lading for the imperfectly acknowledged mortgage violated the agreement of the parties and did not pass the title and there could be no lien of a chattel mortgage until title was in the mortgagor. Each became executed only when the other was delivered, May 10th. The mortgage was immediately recorded within the statutory intent.
Defective affidavit. The affidavit of consideration was sworn to by the president of the company. His name or title does not appear in the body of the affidavit. The recital in the affidavit reads: "The mortgagee in the foregoing mortgage named being duly sworn on his oath says." The president *Page 288 
subscribed his name to the affidavit and added his title thus: "Charles F. Smith, President, Smith Engineering Works." The oath of the president is in contemplation of law the act of the corporation. Lessler v. Paterson National Bank, 97 N.J. Eq. 396; affirmed, 99 N.J. Eq. 428. True, a corporation cannot be sworn, but the affidavit admits of no doubt that the affiant was the president and that the "mortgagee" mentioned in the body of the affidavit means the president; and transposing his signature and title and reading them into the affidavit literally removes the criticism. It is not, however, essential that the president's name and title appear in the body of the affidavit. It is sufficient if the affiant's identity be established by his signature and title and it appears by the jurat that his conscience was bound by the oath and that he would be chargeable with perjury if the affidavit be willfully false. That test is indicated in Capner v. Flemington Mining Co., 3 N.J. Eq. 467,
and was applied in Whitehead v. Hamilton Rubber Co., 53 N.J. Eq. 454.
The logic of the proposition is stated by Judge Folger in People, ex rel. Kenyon v. Sutherland, 81 N.Y. 1. Watson v.Rowley, 63 N.J. Eq. 195 and Pincus v. United States Dyeingand Cleaning Works, 99 N.J. Eq. 160, are not in conflict. They hold no more than that where the affidavit is by an agent of the holder of the mortgage the fact of agency must be verified in the affidavit. In the American Soda Fountain Case, supra, it was held not to be required when the affidavit was by an executive of a corporation.
The new acknowledgment is untrue. It is in the approved form by the president of the mortgagor. Hopper v. Lovejoy, 47 N.J. Eq. 573.
The same notary certified both the defective and the second acknowledgment. He says that when the president came to again acknowledge the execution of mortgage, he simply read the form of the certificate without making known to him the contents, as he certified. A certificate of acknowledgment is only prima facie
evidence and may be disproved; but it is open to attack only in case of fraud; in the absence of fraud it is conclusive as tobona fide purchasers. 1 R.C.L. 295; Homeopathic Mutual LifeInsurance Co. v. Marshall, 32 N.J. Eq. 103. *Page 289 
The remaining point is that the certificate of acknowledgment contains no venue. The mortgage discloses that the mortgagor was a New Jersey corporation; the goods and chattels were in Milburn, Essex county, this state; the mortgage was executed under the corporate seal, which is presumed to be kept in this state; the venue in the defective certificate is laid in Essex county, and the acknowledgment was taken before a New Jersey notary who has state-wide jurisdiction. These tend to prove and they raise the presumption that the acknowledgment was taken and certified in this state. The absence of a venue in such circumstances does not invalidate the certificate. 1 R.C.L. 283. If the absence of a formal venue would defeat this otherwise perfectly good mortgage, the court would not hesitate to draft into service the useless one in the defective acknowledgment, certified by the same notary, to supply the deficiency.
The receiver will be ordered to turn over the chattels.