In this suit the receiver of Floc Art Print Works, Incorporated, prays that the court set aside a certain chattel mortgage made by Floc Art Print Works, Incorporated, to defendant. It is contended on behalf of complainant that the mortgage is void under the Chattel Mortgage act because of failure to comply with the provisions of the Chattel Mortgage act. This act provides that the affidavit annexed to the chattel mortgage shall be made and subscribed by the holder or holders of the mortgage or his agent or attorney and also that it must set forth the true consideration.
The matter was referred to a special master who took testimony and has made his report in which he finds that the mortgage is invalid on both of the foregoing grounds. His report is now before me for confirmation.
The affidavit to the mortgage in question reads as follows:
"Elias Preiss of Preiss Trading Corporation, the mortgagee in the foregoing mortgage named, being duly sworn, on his oath, says *Page 367 
that the true consideration of the said mortgage is as follows, viz: the sum of Five Thousand Dollars advanced this day by the mortgagee to the mortgagor as evidenced by two (2) checks this day made by the mortgagee to the order of the mortgagor, one in the sum of Three Thousand Dollars ($3,000.00) drawn on the Manufacturer's Trust Co., 8th Av. and 34th Street Branch, New York City, total $5000.00.
"Deponent further says that there is due and to become due on said mortgage the sum of $5000.00 and 00/00 cents besides lawful interest thereon from the 18th day of December, 1933.
ELIAS PREISS."
The mortgage is evidently not made or subscribed by the mortgagor and the first question for determination is whether it is made and subscribed by its agent within the meaning of the statute.
It seems established under the decisions that it is not enough if the affidavit is made by one who is an agent in fact of the corporation but that the agency must be disclosed in the affidavit itself. In Watson v. Rowley, 63 N.J. Eq. 195, the court said that the affidavit must be made "by an affiant who is particularly described by his special relations to the mortgagor and the mortgaged property." In Mitschele-Baer, Inc., v.Livingstone Sand and Gravel Sales Co., 108 N.J. Eq. 286, the rule is stated to be "where the affidavit is by an agent of the holder of the mortgage, the fact of agency must be verified in the affidavit." The only relaxation of this rule that appears in the decisions is to the effect that where the affidavit states that it is made by an executive officer of the corporation the requirement of the statement of agency was sufficiently met.American Soda Fountain Co. v. Stolzenbach, 75 N.J. Law 721;Pincus v. United States Dyeing and Cleaning Works, 99 N.J. Eq. 160.
In the latter case it was held that the affidavit was defective even though it was stated to be made by the secretary of the corporation since a secretary is not such an officer of the corporation as would give rights to the implication that his acts were those of the corporation.
In the instant case there is no recital in the affidavit that the person making the affidavit was an officer of the mortgagee and no statement that he was an agent of the corporation. *Page 368 
There is also no statement that he was authorized to make the affidavit on behalf of the corporation. Under these circumstances the affidavit failed to comply with the requirements of the statute.
The affidavit is further fatally defective because it fails to set forth the true consideration of the obligation secured by the mortgage. The consideration is set forth to be the sum of $5,000 advanced this day by the mortgagee to the mortgagor as evidenced by two checks this day made by the mortgagee to the order of the mortgagor, one in the sum of $3,000 and the other in the sum of $2,000. In fact, as appears from the testimony taken before the special master, two checks totaling $4,500 were given to the mortgagor instead of two checks in the sum of $5,000. There were two additional checks, one for $200 and one for $300, but these checks were immediately turned back to the mortgagee and the mortgagor never received the benefit of them. The sum received by the mortgagor was therefore not $5,000 as stated in the affidavit but $4,500 and there were four checks involved in the transaction and not two as set forth in the affidavit.
The cases cited by the special master are dispositive of this matter. In Hunt v. Ludwig, 93 N.J. Eq. 314; affirmed, 94 N.J. Eq. 158,
the court reiterated the rule that "the affidavit must truthfully state the consideration and that a substantial deviation from the truth, however honestly made, will invalidate the mortgage as against the claimant." In Felin v. Arrow MotorMachine Co., 96 N.J. Eq. 44, the consideration stated was $20,000 whereas in fact the sole advance was $15,000, the balance being retained by the mortgagee as a bonus. It was held that this affidavit was defective. In Lyon Shoe Co. v. Price, 108 N.J. Eq. 553,
it was held that the true consideration must be set forth not merely particularly but completely and that the whole instrument must stand or fall together so that a partial compliance will not validate the mortgage even to the extent of the consideration which is truthfully set forth.
The report of the special master will be confirmed and a decree advised setting aside the mortgage. *Page 369