ALLAN J. ADELMAN AND B. S. ADELMAN, TRADING AS FINANCE AND DISCOUNT COMPANY, PLAINTIFF-RESPONDENT, v. ROBERT ULSHOFER, DEFENDANT-APPELLANT.

Argued October 3, 1939—Decided November 3, 1939.

Before Justices TRENCHARD, CASE and HEHER.

For the plaintiff-respondent, *Charles Blume.*

For the defendant-appellant, *Lawrence Lanzoni.*

The opinion of the court was delivered by

CASE, J.    The appeal is from a judgment in replevin entered in the District Court of the Second Judicial District of the county of Hudson awarding to Allan J. Adelman and B. S. Adelman, trading as Finance and Discount Company, plaintiff, the possession of an automobile theretofore held by Robert Ulshofer, defendant.    The question was whether a chattel mortgage which covered the automobile and which

was executed and delivered by Mitchell Cahn to Ulshofer on February 10th, 1938, was void because of the alleged untruthful statement of consideration in the affidavit appended thereto. The trial court fastened upon an item of $250 which was included within the total sum of $2,400, principal amount of the mortgage, held that it was not a loan by Ulshofer to Cahn and on that ground, passing over other disputed items, declared the mortgage invalid.

The affidavit stated the consideration as follows (parentheses inserted) : "The said sum (viz., $2,400) has been loaned by deponent (Robert Ulshofer) to the mortgagor herein (Mitchell Cahn) on various dates from October 5th, 1936, to the date hereof." The pertinent statute, *R. S.* 46:28-5 (formerly 1 *Comp. Stat., p.* 463, § 4), provides that "Every mortgage or conveyance intended to operate as a mortgage of goods and chattels * * * shall be absolutely void as against * * * subsequent purchasers and mortgagees in good faith, unless the mortgage, having annexed thereto an affidavit or affirmation, made and subscribed by the holder * * * stating the consideration of such mortgage * * * be recorded * * *." The plaintiffs in the replevin suit were subsequent mortgagees in good faith. Our Court of Errors and Appeals has held that the affidavit, if it states the consideration with substantial truth, need not be technically precise (*Howell* v. *Stone & Downey,* 75 *N. J. Eq.* 289), but that it must set forth the true consideration, not merely particularly but completely, and that the whole mortgage instrument must stand or fall together so that a partial compliance will not validate the mortgage even to the extent of the consideration which is truthfully set forth. *DeYoe* v. *Harper Brothers, Inc.,* 121 *N. J. Eq.* 599; *Kauffman* v. *Utility Trucking Co.,* 120 *Id.* 576. It is for us to ascertain whether the judgment of the court below was sound, either for the reason there stated or, if that reason be incomplete or even erroneous, for other reasons appearing in the case. *Procacci* v. *U. S. Fire Insurance Co.,* 118 *N. J. L.* 423.

The evidence, in our opinion, does not sustain the fault found by the trial court with the item of $250. It was thoroughly established by the evidence, uncontradicted, and unim-

paired except for a momentary confusion by the witness Ulshofer, that that sum represented a debt in that amount owing by the mortgagor to a third person and paid to that person by the mortgagee, shortly before the execution of the mortgage, at the request of and as a loan to the mortgagor. But within the principal sum of the mortgage was another item of $118.90 which was not loaned between October 5th, 1936, and February 10th, 1938, and which, so far as the evidence shows, may never have been loaned. That sum, according to Ulshofer's own testimony, was an unpaid balance remaining from an older mortgage given by Cahn to Ulshofer at an unfixed time prior to the first of those dates. Details are not disclosed; not even the consideration, if any, upon which the first mortgage was founded.

The argument is advanced on appellant's brief that on February 10th, 1938, when the later mortgage was executed, Ulshofer and Cahn "reached what was tantamount to an accord and satisfaction of their various transactions and merged same into a single transaction, at which time they agreed that there was due and owing to Robert Ulshofer the sum of $2,400 by the said Mitchell Cahn." But the mortgage affidavit does not set forth an accord and satisfaction or a transaction in the nature thereof. To the extent of $118.90 the consideration was not truthfully stated. Under the statute and the cases cited *supra* the mortgage was void as against the plaintiffs in replevin, and the trial court properly so held.

The judgment below will be affirmed, with costs.