**In re A. J. DOAN & SON, Inc.**

No. 29877.

District Court, D. New Jersey.

Dec. 11, 1940.

Behr & Behr, of Jersey City, N. J., for bankrupt.

Alfred E. Herz, of New York City, and Samuel Shapiro, of Newark, N. J., for petitioner.

WALKER, District Judge.

■ On May 23, 1939, when A. J. Doan & Son, Inc., a corporation of the State of New Jersey (hereinafter referred to as "Doan"), executed a chattel mortgage to Arthur Margulies, doing business as Hobbs Company (hereinafter referred to as "Hobbs"), Hobbs, as mortgagee, was required to honestly and substantially comply with the requirements of Section 46:-28–5, R.S.N.J.1937, N.J.S.A. 46:28–5. This judicial attitude regarding the statutory affidavit has been in force and effect since Metropolitan Store & Fixture Co. v. Albrecht, 70 N.J.L. 149, 56 A. 237, emphasized later in American Soda Fountain Co. v. Stolzenbach, 75 N.J.L. 721, 68 A. 1078, 16 L.R.A.,N.S., 703, 127 Am.St.Rep. 822, and followed in Hunt v. Ludwig et al., 93 N.J.Eq. 314, 116 A. 699, affirmed 94 N.J.Eq. 158, 118 A. 839.

The said attitude did not mark a relaxation of the rule established by the cases that the affidavit must truthfully state the consideration and a substantial deviation from the truth, however honestly made, will invalidate the mortgage as against creditors. Boice v. Conover, 54 N.J.Eq. 531, 35 A. 402; Miller v. Gourley, 65 N.J.Eq. 237, 55 A. 1083; Tingley v. International Dynelectron Co., 74 N.J.Eq. 538, 70 A. 919, affirmed 76 N.J.Eq. 337, 75 A. 1102; Bollschweiler v. Packer House Hotel, 83 N.J.Eq. 459, 91 A. 1027, affirmed 84 N.J.Eq. 502, 95 A. 549, and Hunt v. Ludwig et al., supra.

■■ The Referee found that the consideration as stated in the affidavit attached to the chattel mortgage in question was not true. This Court prefers to say that it does not honestly and substantially comply with the statute. Hobbs may have loaned $1,000, but the testimony discloses only $425 was paid to Doan (Check No. 5043 of Hobbs Company, dated May 23, 1939). The difference is alleged to be represented by $450 retained on account of a series of notes by Doan to Hobbs; $55 paid to the attorney, who prepared all the papers and who made the search and performed all the professional services in connection with the loan; $50 paid to an appraiser, who prepared all the appraisal forms, the inventory and performed all of the appraisal services in connection with the loan and the balance of $20.00 on account of interest.

One of the purposes of the affidavit is to give creditors such information as will enable them to investigate and ascertain the actual consideration. Tompkins v. Crosby, N.J.Ch., 19 A. 720.

The Court, in its attempt to ascertain the actual consideration, found from the testimony of Mr. Margulies, the mortgagee (pages 7 and 8 of transcript of adjourned hearing on May 14, 1940), that the money to be paid to the attorney and the money to be paid to the appraiser were by check to cash issued to the attorney for Hobbs at the time of closing, and he (the said attorney) took care of Mr. Haynes (the appraiser) and himself. The court requested the attorney who argued the matter on petition for review, to produce for inspection a photostatic copy of said check, it has not been done, instead an affidavit by the appraiser, wherein he says he received the sum of $50, and an affidavit by the attorney, wherein he says he received the sum of $55, have been produced.

The interest item is worthy of comment because the chattel mortgage does not provide for interest, the affidavit of the mortgagee does not provide for interest, the provision therefore being struck therefrom, and of the 40 checks referred to in the affidavit, 16 are before the court and they do not provide for interest.

It should not be necessary to go outside the affidavit to establish the foregoing, and the fact one must do so illustrates why the cases hold there must be an honest and substantial compliance with the statute, that the affidavit must give the creditors such information as will enable them to investigate and ascertain the actual consideration, and that the consider-

1004

ation must not only be truthfully set forth, but it must be completely set forth. Wisner Mfg. Co. v. Second Nat., etc., Co., 111 N.J.Eq. 535, 162 A. 917; Arnesto Paint Co. v. Brush, 117 N.J.Eq. 368, 175 A. 902; Lion Shoe Co. v. Price, 108 N.J.Eq. 553, 155 A. 775; Atzingen v. Ottolino et al., 124 N.J.Eq. 510, 2 A.2d 652; Adelman et al. v. Ulshofer, 123 N.J.L. 417, 8 A.2d 825.

The Referee is affirmed.