**In re BERKELEY PRESS, Inc.**

No. 793a.

District Court, D. New Jersey.

Jan. 15, 1942.

James Mango, of Newark, N. J., for petitioner.

Max L. Rosenstein, of Newark, N. J., for trustee.

SMITH, District Judge.

This matter is before the court at this time on a petition for review filed by Robert H. Schloss, president of the bankrupt, who is aggrieved by an order of the referee in bankruptcy directing that he make restitution of moneys in the aggregate amount of $1,324.50, wrongfully abstracted prior to the adjudication.

It clearly appears from the undisputed testimony, and is, in fact, admitted by the petitioner, that during the period between January 8, 1936, and June 30, 1940, next preceding the bankruptcy, the petitioner misappropriated the corporate funds in question. The petitioner on numerous occasions during said period converted to his own use moneys which he had collected for the corporation. The misappropriations were entered in the books and records as "loans receivable."

There is, however, neither evidence of continued possession, nor testimony from which an inference of continued possession may be reasonably drawn. This fact, as well as that of misappropriation, must be established by clear and convincing evidence.

The burden is upon the trustee to prove, not only that the petitioner wrongfully abstracted the money, but how much of it, if any, remained in his possession. Oriel et al. v. Russell, 278 U.S. 358, 49 S.Ct. 173, 73 L.Ed. 419; Males v. Pinsky et al., 2 Cir., 98 F.2d 776; Danish v. Sofronski et al., 2 Cir., 93 F.2d 424; Marks v. Martin, 7 Cir., 85 F.2d 392; In re Schoenberg, 2 Cir., 70 F.2d 321; In re Redbord, 2 Cir., 3 F.2d 793. The rule as stated in Danish v. Sofronski, supra [2 Cir. 93 F.2d 426], is as follows: "* * * when the respondent acknowledges receiving the property, and it is of a kind that he would be likely to dissipate—money or saleable goods—there is no reason why the trustee should not prove how much remains within the respondent's control. In such cases the trustee must make out his case upon this issue just as he must upon the original taking. * * * It is of course possible that the amount withdrawn may be so large, and the interval between the withdrawal and the order so short, that it can be said with certainty that a minimum must be left and what it is, but the trustee must in some way establish the point." The reason which underlies the foregoing rule is expressed by Chief Justice Taft in the case of Oriel et al. v. Russell, supra [278 U.S. 358, 49 S.Ct. 174, 73 L.Ed. 419], as follows: "* * * The charge upon which the order is asked is that the bankrupt, having possession of property which he knows should have been delivered by him to the trustees, refuses to comply with his obligation in this regard. It is a charge equivalent to one of fraud, and must be established by the same kind of evidence required in a case of fraud in a court of equity. A mere preponderance of evidence in such a case is not enough. *The proceeding is one in which cooercive methods by imprisonment are probable and are foreshadowed. * * *"* (Italics by this Court.) It is obvious, therefore, that clear and convincing evidence of both elements, to wit, misappropriation and possession, is essential if the trustee is to prevail in a summary proceeding of this kind.

It is the opinion of this Court, after careful consideration of the entire record, that the trustee failed to sustain the burden of proof. The order of the referee in bankruptcy is, therefore, vacated and set aside.