## In re BERKELEY PRESS, Inc.

### Appeals of RELLES.

### Nos. 7958, 8015.

Circuit Court of Appeals, Third Circuit.

Argued July 6, 1942.

Decided Aug. 19, 1942.

164

■■■■■■■■■■■■■■■■■■

Max L. Rosenstein, of Newark, N. J., for appellant.

James Mango, of Newark, N. J., for appellee.

Before MARIS and GOODRICH, Circuit Judges, and BARD, District Judge.

MARIS, Circuit Judge.

■ The trustee in bankruptcy of Berkeley Press, Inc., has appealed from two separate orders of the District Court for the District of New Jersey in the bankruptcy proceeding. In the appeal at No. 7958, the trustee contends that the district court erred in upholding the validity of a chattel mortgage of which the bankrupt was mortgagor and Abe Schloss, mortgagee. His contention is that the affidavit attached thereto was insufficient. The district court, for reasons fully and satisfactorily set forth in the opinion of Judge Smith, 42 F. Supp. 927, found that there was no fraud in the execution of the mortgage and that the affidavit complied substantially with the requirements of the applicable New Jersey statutes. The action of the district court was clearly right and nothing need be added to what was said in its opinion.

■ In the order appealed from at No. 8015 the district court found the evidence before the referee in bankruptcy insufficient to justify an order of the referee directing Robert H. Schloss to turn over to the trustee in bankruptcy of Berkeley Press, Inc., $1,324.50 of corporate funds admittedly misappropriated by Schloss. 42 F.Supp. 929. The court reached this conclusion upon the theory that the trustee had the burden of proving in the turnover proceedings that Schloss not only had the money at the date the petition in bankruptcy was filed but also continued in possession or control thereof at the time of the entry of the order. In our opinion this day filed in the Matter of Morris Eisenberg and Alex Eisenberg, Individually and Trading as Eisenberg Brothers, Debtors, 3 Cir., 130 F.2d 160, we have pointed out that the rule in this circuit imposes no such burden upon the trustee. The cause must accordingly go back for further proceedings in accordance with the rule referred to.

The order appealed from in No. 7958 is affirmed. The order appealed from in No. 8015 is reversed and the cause is remanded for further proceedings.