This matter is before the court on an application by the receiver of M. M. Hat Bands, Inc., to set aside a chattel mortgage covering substantially all the assets of the corporation. The receiver has sold these assets and holds the proceeds subject to a determination as to whether the mortgagee is entitled to them.
The mortgage was executed in December, 1941, to Louis J. Singer, trading as Modern Factors Company, payable in fifty weekly installments of $40, with interest on the full sum of $2,000 although the actual loan was $1,600. In case of default, additional interest was to be paid at the rate of 2 1/2% per month. In case of default, the mortgagor was also to pay a counsel fee of $100. Approximately $500 had been paid when the receiver was appointed.
The validity of the mortgage is attacked on the contention that it does not meet the requirements of the Chattel Mortgage *Page 294 
Law, R.S. 46:28-5, which provides that where there is no change of possession, the mortgage must have annexed an affidavit by "the holder of said mortgage, his agent or attorney, stating the consideration of said mortgage and as nearly as possible the amount due and to grow due thereunder."
The affidavit herein was signed by one Tiger as agent. The claim that the requirement of the statute as to execution by an agent were not met is unsound. Tiger was in fact the agent of the mortgagee, and as such conducted the entire transaction. Both he and his principal testified to that effect, and the mortgagor recognized him as such in letters applying for the loan. In the affidavit, Tiger stated he was agent, and among other things stated that he was the person who delivered to the mortgagor the check for $1,600, the amount of the loan. This seems clearly to meet the requirements of special capacity or personal status of the affiant, referred to in Watson v. Rowley, 63 N.J. Eq. 195
(at p. 199).
The other asserted defect in the affidavit is, however, fatal to its validity. It does not set forth all the provisions of the agreement actually made, as required by the statute.Bollschweiler v. Packer House Hotel Co., 83 N.J. Eq. 459 (atp. 469). There is omitted the provision that the mortgagor agreed to pay a counsel fee of $100, in case of default. Tiger himself so testified. This defect is not cured by omitting the provision in the proof of claim filed with the receiver.
 The mortgage is hereby held to be void as against the receiver. *Page 295