## In re INCANDESCENCE, Inc.

### Appeal of MAJESTIC FACTORS CORPORATION.

No. 8588.

Circuit Court of Appeals, Third Circuit.

Submitted on Briefs May 16, 1944.

Decided June 12, 1944.

242

Max L. Rosenstein, of Newark, N. J., for appellant.

Max J. Mareiniss, of Newark, N. J., and Larkey, Mareiniss & Snyder, of Newark, N. J. (Barney Larkey, of Newark, N. J., on the brief), for Morris M. Ravin, Trustee in Bankruptcy, appellee.

Before DOBIE and McLAUGHLIN, Circuit Judges, and KALODNER, District Judge.

DOBIE, Circuit Judge.

This appeal raises the single question of the validity of two chattel mortgages. Both the Referee in Bankruptcy and the United States District Court held these mortgages to be void, on the ground that the affidavit of consideration, attached to each mortgage, failed to comply with the essential requisites of the applicable New Jersey statute.

The New Jersey Statute provides:

"46:28–5. Necessity of record of mortgage with affidavit as against creditors of mortgagor and subsequent purchasers and mortgagees in good faith—

"Every mortgage or conveyance intended to operate as a mortgage of goods and chattels, which shall not be accompanied by an immediate delivery and be followed by an actual and continued change of possession of the things mortgaged, shall be absolutely void as against the creditors of the mortgagor, and as against subsequent purchasers and mortgagees in good faith, unless the mortgage, having annexed thereto an affidavit or affirmation, made and subscribed by the holder of such mortgage, his agent or attorney, stating the consideration of such mortgage and, as nearly as possible, the amount due and to become due thereon, be recorded as provided by section 46:28–7 of this title."

Below is the pertinent part of the affidavit of consideration:

"Majestic Factors Corporation on delivery of the foregoing mortgage to it on the date thereof at its place of business, 175 Fifth Avenue, in the City and State of New York, loaned L. C. Stringer Engineering Corporation the mortgagor therein named, the sum of Two Thousand Five Hundred Fifty ($2,550.00) Dollars evidenced by the checks of the mortgagee, dated September 4, 1942 to the order of the mortgagor in the sum of Two Thousand Five Hundred Fifty ($2,550.00) Dollars and then and there delivered to the said mortgagor; and deponent further says that there is due and to grow due on said mortgage the sum of Three Thousand ($3,000.00) Dollars besides lawful interest thereon from September 4, 1942."

In the Referee's Certificate of Review, we find:

"The affidavits of consideration attached to each chattel mortgage allege that the sum of $2,550.00 was advanced to the mortgagor by the mortgagee. Each affidavit then states that 'there is due and to grow due on said mortgage the sum of $3,000.00 besides lawful interest thereon'. Nowhere in the chattel mortgages, or in the affidavits, is there any explanation of the difference between these two sums of $2,550.00 and $3,000.00; nor is there any statement as to how the relationship of debtor and creditor came into existence with respect to the difference in these two sums amounting to $450.00. The law requires that the affidavit attached to a chattel mortgage must truthfully and completely state the consideration and must show how the relationship of debtor and creditor arose between the parties. Since in this case the affidavits do not give any explanation of the $450.00 difference between the amount that was advanced and the amount alleged to be due, they are void. A creditor reading the chattel mortgage and the affidavit could not tell what this item of $450.00 represented. It might be a charge for service, a charge for goods sold and delivered, or for anything else. From the testimony that was taken it would appear that the item of $450.00 actually represented a financing charge. Whatever it did represent should have been stated in the affidavit. The chattel mortgages are therefore void."

To this clear and concise statement, we think little need be added. We believe this statement correctly interprets, and sound-

ly applies, the proper rule. It is true, as appellant urges, that the modern cases have evinced a greater liberality in favor of the mortgagee, than is found in the older decisions. Nevertheless, the conclusion reached by the Referee and the District Court finds ample support in the leading recent cases which have been called on to construe the New Jersey Statute. See, In re Swain, D.C., 259 F. 900; McCullough v. McCrea, 3 Cir., 287 F. 342; In re A. J. Doan & Son, D.C., 35 F.Supp. 1002; DeYoe v. Harper Brothers, 121 N.J.Eq. 599, 191 A. 851; Atzingen v. Ottolino, 124 N.J.Eq. 510, 2 A.2d 652; Klaucke v. M. & M. Hat Bands, 132 N.J.Eq. 293, 28 A.2d 206.

The order of the District Court is, accordingly, affirmed.

Affirmed.