JACOB R. MANTEL, assignee, complainant-appellant,

*v.*

JACOB LANDAU, defendant-respondent.

[Submitted May 26th, 1944. Decided September 14th, 1944.]

*Mr. Abraham M. Herman,* for the appellant.

*Mr. Joseph Kraemer,* for the respondent.

The opinion of the court was delivered by

PARKER, J.

The facts are fully stated in the opinion of the learned Vice-Chancellor, *ubi supra.*

It is argued here that the Court of Chancery erred in finding the affidavit of consideration annexed to the mortgage a sufficient compliance with the statute; that there was no "escrow agreement" nor was any such agreement pleaded; and that there was no competent evidence that the check of $2,000 referred to in the opinion below forthwith passed out of the control of the defendant mortgagee.

The question of "escrow agreement" seems to be mainly one of terminology. The situation on the facts was plain enough.

Obviously the mortgagor corporation was embarrassed financially and certain pressing creditors had to be satisfied. For reasons best known to the parties, and which can readily be imagined, the mortgagee insisted that of the $10,000 loan, $2,000 should be under the control of his agent and not the agent of the mortgagor as security for the payment of these specific claims and the delivery of that money to the mortgagor conditioned upon the prior settlement of the claims. Such an arrangement seems to have been reasonable. The question whether there was in fact an "escrow agreement" and the question whether the check for $2,000 passed out of the control of the mortgagee seem immaterial to the present issue, which is, did the Court of Chancery err in dismissing the bill?

On the general merits we think that the Court of Chancery properly held that although the affidavit of consideration averred a "loan" for $12,500, the frank statement therein that $2,500 of that amount was a "premium" indicated on the face of things a "loan" of $10,000. It does not seem to be claimed here that the inclusion in the mortgage of an uncollected and unclaimed "premium" had any effect beyond fixing the total amount loaned at $10,000. The present controversy is with regard to what is called the "escrow" provision contained in the receipt executed by the mortgagor corporation through its president, which specifies that of the $10,000, the sum of $2,000 is "to be withheld, and to be delivered to" the attorney of the mortgagor corporation, upon his producing a specified existing chattel mortgage canceled, and two specified conditional sales agreements also satisfied and canceled. Concededly, this was done, and the $2,000 was paid accordingly. As a result, the mortgagor obtained all that was intended, and all the principal amount claimed by the defendant on this appeal. It is to be observed that the fundamental prayer in the bill, which is by the assignee for creditors of the mortgagor corporation, is that the chattel mortgage be decreed void and of no effect. This was properly denied.

We consider that the bill was properly dismissed. The decree under review will therefore be affirmed.

458

*For affirmance*—PARKER, CASE, BODINE, PORTER, COLIE, DEAR, WELLS, RAFFERTY, DILL, JJ. 9.

*For reversal*—THE CHIEF-JUSTICE, DONGES, HEHER, PERSKIE, HAGUE, JJ. 5.