**In re LEPPERT.**

No. B–276–52.

United States District Court
D. New Jersey.

Oct. 16, 1952.

Leo Neiwirth, Newark, N. J., for receiver.

Nathan Ravin, Newark, N. J., for chattel mortgagee.

MODARELLI, District Judge.

This matter came to be heard on Petition for Review filed pursuant to Section 39, sub. c of the Bankruptcy Act, 11 U.S.C. A. § 67, sub. c. The petition was filed by a creditor of the bankrupt from an order of the Referee declaring the chattel mortgage held by petitioner, the Morgan Company, null, void, and invalid as a lien against funds in the hands of the receiver or trustee.

The Referee states in his Certificate of Review, "The testimony * * * clearly shows that the portion of the mortgage representing the difference between $2,560.-00 and $3,200.00 to wit: $640.00 actually was a bonus (while) * * * the affidavit of consideration states that said difference of $640.00 represents a 'service charge' * * *. A bonus is not a service charge and therefore, the affidavit of consideration does not actually set forth the true consideration as required by N.J.S.A. 46:28–5 * * *."

The Referee's finding that the $640 charge was a bonus is amply supported by the record. The transcript of the testimony of the bankrupt and of Morris Goldsmith, a partner of the mortgagee company, shows that the parties to the mortgage transaction understood that sum to be a bonus. The mortgagor was not misled.

The narrow question of law presented is, therefore: If the affidavit of consideration of a chattel mortgage states the sum of money actually received by the mortgagor and states the total sum which must be repaid to the mortgagee, is the affidavit defective if the difference is called a "service charge," when the parties to the transaction understood that the difference was, in fact, a bonus.

The applicable statute, N.J.S.A. 46:28–5, reads:

"Every mortgage * * * intended to operate as a mortgage of goods and chattels * * * shall be absolutely void as against the creditors of the mortgagor * * * unless the mortgage, (has) annexed thereto an affidavit * * * stating the consideration of such mortgage * * *."

The affidavit of consideration recites:

"The sum of $3,200.00 of which sum $2,560.00 has this day actually been loaned and advanced to the mortgagors herein, the balance representing *service charge* in connection with the making of said loan * * * and deponent further says there is due and to grow due on said mortgage the sum of $3,200.00 besides lawful interest thereon from the 19th of September, 1951."

The receiver cites as the mainstay of his argument the case of De Yoe v. Harper Brothers, Inc., E. & A.1937, 121 N.J.Eq. 599, 191 A. 851, 853. In that case, as in the present case, the affidavit of consideration recited the amount of money actually received by the mortgagor and the amount of money he was to repay. It is argued that that affidavit of consideration was declared defective because it did not recite that a

bonus was agreed upon, whereas, in fact, part of the consideration represented bonus monies. But it must be pointed out that this was not the sole and compelling basis of that opinion. Noteworthy is the fact that the special master questioned the credibility of the claimant's witnesses. One witness " 'contradicted herself quite a number of times on points of importance and materiality which would tend to prove or disprove the truthfulness of the affidavits to the chattel mortgages.' " It was brought out also that the president of the mortgage company had signed the affidavit under a statement that disbursements had been made for appraisal, credit investigation, searching and drawing and recording the mortgage. He admitted at the hearing that at the time he signed the affidavit none of these disbursements had been made. No such untruthful testimony or blatant falsehood appears in the present case.

The receiver cites also the case of Jarecki v. Manville Bakery, Inc., 1950, 7 N.J.Super. 387, 71 A.2d 228, 229. But there the affidavit recited that the money had been "loaned this day", whereas, in fact, a large portion of the money was not given to the mortgagor until three months later. Secondly, there was manifest an "intention to make an installment loan contingent upon future enhancements in the value of the mortgaged property".

As in the Jarecki case, so with other cases cited by the receiver, there were substantial reasons why the affidavits of consideration were declared invalid by the courts. Atzingen v. Ottolino, Ch.1938, 124 N.J.Eq. 510, 2 A.2d 652. (The affidavit of consideration falsely represented that certain shares of stock passed as consideration when, in fact, they did not pass until shortly before the hearing of the cause, eleven months later.) Bigel v. Brandtjen & Kluge, Inc., Ch.1941, 129 N.J.Eq. 537, 20 A.2d 320. (The affidavit falsely stated that the money secured was the consideration for the sale of five items listed, whereas, in fact, the money was the consideration for one item alone.) McCullough v. McCrea, 3 Cir., 1923, 287 F. 342, 345. (The affidavit falsely stated the amount of money actually received by the mortgagor. The amount of the bonus was "deliberately and intentionally concealed.") Sickinger v. Zimel, 1950, 8 N.J.Super. 455, 73 A.2d 281, affirmed 1951, 6 N.J. 149, 77 A.2d 905. (The affidavit falsely stated that $9,000 had been advanced to the mortgagor, whereas only $8,100 had been advanced.)

Before the turn of the century, affidavits of consideration were held to such technical niceties as to cause attorneys to approach the task of drafting such instruments with great trepidation and reluctance. Since American Soda Fountain Co. v. Stolzenbach, E. & A.1908, 75 N.J.L. 721, 68 A. 1078, 16 L.R.A.,N.S., 703, however, a more practical judicial eye has appraised that instrument. Substantial compliance with the statute is held as sufficient to uphold an affidavit of consideration. Moore v. Preiss Trading Corp., Ch.1936, 119 N.J.Eq. 366, 182 A. 824, affirmed E. & A.1936, 120 N.J. Eq. 214, 184 A. 521; Jarecki v. Manville Bakery, Inc., supra; Fidelity Union Trust Co. v. Augelli, 1939, 125 N.J.Eq. 246, 4 A.2d 495; Dawson v. Pine, 1928, 143 A. 89, 6 N.J.Misc. 774; Howell v. Stone & Downey, E. & A.1909, 75 N.J.Eq. 289, 71 A. 914; In re A. J. Doan & Son, D.C.N.J.1940, 35 F.Supp. 1002; and In re Bell Tone Records, D.C.N.J.1949, 86 F.Supp. 806.

The purpose of the statute is kept in mind today in passing on the effectiveness of the instrument. Disclosure of the consideration passing to the mortgagor is required to protect subsequent creditors. An accurate affidavit enables investigating creditors to ascertain whether the mortgage was honest security or mere fraudulent cover. Fasolo v. Regnu, Inc., 1950, 8 N.J. Super. 234, 237, 73 A.2d 846; In re A. J. Doan & Sons, supra. In the instant case, a creditor reading the affidavit would clearly be apprised of the fact that the mortgagor received $2,560 on the transaction and had to repay $3,200 plus lawful interest. The monetary facts are frankly stated in the instrument, fulfilling the purpose of N.J.S.A. 46:28–5.

This court is aware of In re Incandescence, Inc., 3 Cir., 1944, 143 F.2d 241. The affidavit of consideration there was held void although it recited both the sum loaned and the sum to be repaid. But in that affi-

914

davit, no explanation whatsoever was given for the difference in the two sums. In addition, this court is bound to consider later cases in the New Jersey Courts passing on the efficacy of affidavits of consideration. In Mantel v. Landau, Ch.1943, 134 N.J.Eq. 194, 34 A.2d 638, 639, affirmed E. & A.1944, 135 N.J.Eq. 456, 39 A.2d 88, the affidavit recited that "the true consideration of" the mortgage was "$12,500 this day loaned" by the mortgagee, and "I have received as premium for the making of said loan, the sum of $2,500." The courts upheld the affidavit even though it did not expressly recite the fact that only $10,000 was loaned, $2,000 of which did not pass until two weeks later. The court took the practical view that although the instrument recited a loan for $12,500, the statement regarding the premium indicated that the amount of the loan was, in fact, $10,000. It is to be noted that the affidavit there did not recite what the $2,500 represented. The court interpreted it to be a bonus and inquired no further. See also Fasolo v. Regnu, Inc., supra, where the court upheld an affidavit of consideration which termed as "commission" that which was a bonus. Finally, we note the case of In re Bell Tone Records, supra, where Judge Smith of this District records "* * * that a substantial compliance with, rather than a technical adherence to the statutory provisions, is all that is required." 86 F.Supp. at page 808.

In the face of the authorities discussed, it is the decision of this court that the affidavit of consideration is in substantial compliance with the statute and the chattel mortgage is a valid instrument. The fact that the parties chose to call what they both understood to be a bonus a "service charge" does not invalidate the instrument. Any practical person confronted with the affidavit would readily comprehend that the $640 difference was a bonus as consideration for a hazardous loan. Certain it is that a subsequent creditor of the mortgagor could not be prejudiced by the choice of words for the affidavit clearly recites the sum actually passing to the mortgagor.

The decision of the Referee is reversed.

An order may be submitted in conformity with the opinion herein expressed.