**In re LEPPERT.**

**No. 10,969.**

United States Court of Appeals
Third Circuit.

Submitted May 7, 1953.

Decided Aug. 10, 1953.

Leo Neiwirth, Newark, N. J., for appellant.

Nathan Ravin, Newark, N. J., for appellee.

Before BIGGS, Chief Judge, and GOODRICH and McLAUGHLIN, Circuit Judges.

BIGGS, Chief Judge.

The parties have stipulated the facts and the sole issue on this appeal is the validity of a chattel mortgage given by the bankrupt to the Morgan Company.

The mortgage covered personal property located on the premises of the bankrupt. It was properly recorded in New Jersey prior to the bankruptcy. The assets encumbered by the mortgage were sold at public auction in the bankruptcy proceeding free and clear of the lien, the lien to attach to the proceeds. This course was proceeded with over the mortgagee's objection and the sale realized the sum of $868.84 to which the mortgage lien attached. At the instance of the trustee in bankruptcy the mortgage lien was then declared invalid by the referee because of the failure of the affidavit accompanying the mortgage accurately to state the consideration for the mortgage as required by 46 N.J.S.A. 28–5.[1] On review by the United States District Court this ruling was reversed. See 107 F.Supp. 911. The trustee appeals.

The mortgagee's affidavit, given under oath, sets forth that, "The true consideration of the Mortgage is as follows: The sum of $3200.00 of which $2560.00 has this day actually been loaned and advanced to the Mortgagors herein, balance representing service charge in connection with the making of said loan, all of which is evidenced by thirty six promissory notes in the amount of $97.36 all bearing even date herewith, due at consecutive monthly intervals, commencing one month from date of making and containing proviso in the event of default in payment of any one of said notes, remainder of said series shall become immediately due and payable and deponent further says there is due and to grow due on said Mortgage the sum of $3200.00 besides lawful interest thereon from September 19, 1951." The mortgagee admits that the consideration for the mortgage actually consisted of a loan of $2560.00 and a bonus

1. The catch line of the pertinent statute states: "Necessity of record of mortgage with affidavit as against creditors of mortgagor and subsequent purchasers and mortgagees in good faith". The Act provides: "Every mortgage or conveyance intended to operate as a mortgage of goods and chattels, which shall not be accompanied by an immediate delivery and be followed by an actual and continued change of possession of the things mortgaged, shall be absolutely void as against the creditors of the mortgagor, and as against subsequent purchasers and mortgagees in good faith, unless the mortgage, having annexed thereto an affidavit or affirmation, made and subscribed by the holder of such mortgage, his agent or attorney, stating the consideration of such mortgage and, as nearly as possible, the amount due and to become due thereon, be recorded as provided by section 46:28–7 of this title."

of $640.00 identified in the affidavit as the "balance representing service charge in connection with the making of said loan." The bankrupt understood when she gave the mortgage that the charge of $640.00 made for the loan of $2560.00 represented a bonus.

It is the position of the trustee that the mortgagee's affidavit fails to comply with the New Jersey statute because it misrepresents the consideration passing from the mortgagee to the mortgagor. The trustee contends that the identification as a "service charge" of a payment which was actually a bonus reveals an attempt by the mortgagee to conceal usury. See 31 N.J. S.A. 1; Leipziger v. Van Saun, Ch.1902, 64 N.J.Eq. 37, 53 A. 1. Although the mortgagor knew the true nature of the "service charge," creditors of the mortgagor would have been misled, and therefore the statute compels the conclusion that the mortgage is invalid. The referee in bankruptcy accepted this view. The United States District Court was of the view that the phrase "service charge" was a mere euphemism which could hardly have been misunderstood by creditors since the affidavit clearly sets forth the amount actually advanced and the amount to be repaid.

█ There are numerous cases testing the sufficiency of mortgagees' affidavits against the requirements of the New Jersey statute. Although the earlier cases viewed the statutory provisions strictly and invalidated mortgages on technical grounds, the mort recent cases have endeavored to sustain chattel mortgages whenever there was an honest, substantial compliance with the statute. See In re Woolf, D.C.N.J.1941, 42 F.Supp. 334, 336; In re Berkeley Press, Inc., D.C.N.J., 42 F.Supp. 927, 928, affirmed, 3 Cir., 1942, 130 F.2d 163, and cases there cited; In re Bell Tone Records, D.C.N.J.1949, 86 F.Supp. 806, 808. These recent cases, however, stress the absence of fraud in sustaining the mortgages. It continues to be the law that false statements in the mortgagee's affidavit will invalidate the mortgage. See, e. g., Sickinger v. Zimel, 1950, 8 N.J.Super. 455, 73 A.2d 281, affirmed, 1951, 6 N.J. 149, 77 A.2d 905.

In the instant case the stipulation is silent as to the motive of the mortgagee in making the inaccurate statement contained in the affidavit. The court below was of the opinion that the affidavit contained no blatant falsehoods such as those found in De Yoe v. Harper Brothers, Inc., E. & A.1937, 121 N.J.Eq. 599, 191 A. 851, a case relied upon by the referee in invalidating this mortgage. We will assume therefore that the mortgagee's motives in including the statement as to "service charge" in the affidavit was an entirely proper one. But we will nevertheless examine the affidavit as to its possible misleading effect upon the mortgagor's creditors in order to determine whether there has been substantial compliance with the statute. Compare In re A. J. Doan & Son, Inc., D.C.N.J.1940, 35 F. Supp. 1002.

█ One of the purposes of this kind of affidavit is to give creditors of the mortgagor such information as will enable them to examine the mortgage transaction for possible unlawful payments by their debtor to the mortgagee. See Graham Button Co. v. Spielmann, Ch.1892, 50 N.J.Eq. 120, 122, 24 A. 571, 572, 24 A. 571. Did the affidavit in the instant case convey sufficient information to suggest to creditors the usurious and therefore unlawful rate of interest admittedly charged the mortgagor by the mortgagee? A reading of the affidavit would have told creditors the true amount actually advanced to the mortgagor, but the phrase "service charge" in connection with the balance of the amount to be repaid might well have been accepted by them as describing lawful compensation for work done by the mortgagee or his agents on behalf of the mortgagor in arranging the loan. Moreover, the affidavit closes with the statement that the total sum to be repaid shall bear "lawful interest" from a certain date. This reassuring phrase would have tended to support the impression that the "service charge" was actually a charge for services other than the "service" of agreeing to a hazardous loan, and that it was therefore properly includible in the interest-bearing total to be repaid. In fact, however, further interest on the principal sum loaned

would be unlawful once the bonus of $640.-00 had been paid. And interest on the bonus itself would also be prohibited.

We think that phrase "service charge" is not an adequate substitute for the terms "bonus," "premium" or "commission" in describing an extra payment made for a hazardous loan. Contrast Mantel v. Landau, Ch.1943, 134 N.J.Eq. 194, 34 A.2d 638, affirmed, E. & A.1944, 135 N.J.Eq. 456, 39 A.2d 88; Fasolo v. Regnu, Inc., 1950, 8 N.J. Super. 234, 73 A.2d 846. In construing a statute which was enacted to protect the rights of creditors, we are not inclined to encourage the use of "euphemisms" which may have the effect of concealing usury or other arrangements to extract from the mortgagor more than is lawfully permitted. We will not assume, as did the court below, that "Any practical person confronted with the affidavit would readily comprehend that the $640 difference was a bonus as consideration for a hazardous loan. Certain it is that a subsequent creditor of the mortgagor could not be prejudiced by the choice of words for the affidavit clearly recites the sum actually passing to the mortgagor." 107 F.Supp. at page 914.

Our conclusion is strongly supported by the decision of this court in In re Incandescence, Inc., 3 Cir., 1944, 143 F.2d 241, 242. In that case the mortgagee's affidavit accurately set forth the amount advanced to the mortgagee and the larger total amount to be repaid. It omitted any explanation of the difference between the two amounts. Although this omission would probably have induced future creditors of the mortgagor to inquire, the referee ruled that the omission constituted a failure to comply with the statute. The referee said: "The law requires that the affidavit attached to a chattel mortgage must truthfully and completely state the consideration and must show how the relationship of debtor and creditor arose between the parties. Since in this case the affidavits do not give any explanation of the $450.00 difference between the amount that was advanced and the amount alleged to be due, they are void. A creditor reading the chattel mortgage and the affidavit could not tell what this item of $450.00 represented. It might be a charge for service, a charge for goods sold and delivered, or for anything else. From the testimony that was taken it would appear that the item of $450.00 actually represented a financing charge. Whatever it did represent should have been stated in the affidavit. The chattel mortgages are therefore void." We affirmed this ruling as in accord with the New Jersey cases. We think that in the instant case the mortgagee is in no better position than the mortgagee in In re Incandescence for having given a misleading label to the difference between the amount loaned and the amount to be repaid. We note that in the view of the referee in that case a charge for service is apparently distinct from a financing charge.

 For the reasons stated, we hold that the mortgagee's affidavit was not in substantial compliance with the New Jersey statute and that the chattel mortgage is therefore void. The judgment of the court below will be reversed.